GLADYS COOK, *et vir.*, v. LEWIS K. LIGGETT CO., INC.

173 So. 159.
Opinion Filed February 11, 1937.
Rehearing Denied March 24, 1937.

*Hawthorne & Morehead,* for Plaintiff in Error;
*Patterson, Blackwell & Knight,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review final judgment in favor of the defendant on demurrer sustained to the declaration.

By quoting the first count of the declaration we can present those allegations to which the demurrer was addressed and at the same time give a concise history of the case. The first count of the declaration was: "for that on or about the 3rd day of January, 1934, the defendant was the operator of a drug store at 34 East Flagler Street, Miami, Florida, known as Liggett's Drug Store, at which said store the defendant then maintained a toilet for the use of women employees of said store, so that they would not be required to leave said store nor be absent from their work for long periods of time during working hours; that at said

time the plaintiff Gladys Cook was employed by the defendant to work in said store as a saleslady, having become so employed but about three hours prior to her injury hereinafter alleged; that whilst the plaintiff was so employed, it became and was the duty of the defendant to exercise all reasonable care to maintain the doors and all other appurtenances of said toilet in a reasonably safe condition so as not to expose its employees to unnecessary dangers in using it; but, notwithstanding its said duty the defendant negligently and carelessly suffered and permitted the said toilet, the door of which opens out and closed inward, to be then equipped with a door which had no knob on the inside thereof, and no spring or other contrivance thereon by which said door could be closed by a person within said toilet, or by which it could close automatically, so that in order to close same the plaintiff had to stand within the enclosure of said toilet, place her hand on the edge of said door, and pull it shut with enough force to cause it to remain closed from friction between the door and the door jamb; that such procedure unnecessarily exposed the plaintiff to the danger of having her fingers mashed between said door and door jamb; that on said date while she was lawfully within said toilet for the first time in her life and while she was so attempting to close said door for the purpose of lawfully using said toilet, and as proximate result of said negligence and carelessness on the part of said defendant in failing to equip said door with a knob, spring or other contrivance by which it might have been closed in safety, the plaintiff's left hand and fingers were caught between said door and door jamb as she so attempted to close said door; whereby the second and third, or ring, fingers of her left hand were so severely crushed, mashed and bruised as to necessitate the amputation of said third or

ring finger at the middle joint thereof; her nervous system was thereby severally and permanently shocked and injured; she thereby suffered and will continue for an indeterminable future time to suffer, continuous and intense mental and physical pain; prior to the amputation of said finger she played upon the piano, violin and mandolin and other stringed instruments, and said amputation has rendered playing upon said instruments impossible; she is embarrassed in being forced to exhibit said disfigured hand to her friends and acquaintances; she cannot play cards, of which recreation she was very fond prior to said injury; and each of said injuries is permanent; and she was thereby rendered unable to work and lost her earnings from thence hitherto."

The controlling allegations, reduced to the last analysis, are these:

That the plaintiff, Gladys Cook, was employed by defendant to work in a store as a saleslady, having become so employed about three hours prior to her injury; that defendant then maintained a toilet in the store for the use of the women employees of the store, so that they would not be required to leave the store or to be absent from work for long periods of time during working hours; that "whilst the plaintiff was so employed, it became and was the duty of the defendant to exercise all reasonable care to maintain the doors and all other appurtenances of said toilet in a reasonably safe condition so as not to expose its employees to unnecessary dangers in using it; but, notwithstanding its said duty, the defendant negligently and carelessly suffered and permitted the said toilet, the door of which opens out and closes inward, to be then equipped with a door which has no knob on the inside thereof, and no spring or other contrivance thereon by which said door

could be closed by a person within said toilet, or by which it would close automatically, so that in order to close same the plaintiff had to stand within the enclosure of said toilet, place her hand on the edge of said door and pull it shut with enough force to cause it to remain closed from friction between the door and the door jamb; that such procedure unnecessarily exposed the plaintiff to the danger of having her fingers mashed between said door and door jamb; * * * while she was so attempting to close said door for the purpose of lawfully using said toilet, and as a proximate result of said negligence and carelessness on the part of said defendant in failing to equip said door with a knob, spring or other contrivance by which it might have been closed in safety, the plaintiff's left hand and fingers were caught between said door and door jamb as she so attempted to close said door." And that this happened while plaintiff was lawfully within the toilet for the first time in her life.

The demurrer presents two questions for determination by the Court. First, whether or not maintaining a toilet as set out in the declaration was negligent; and, second, whether or not the employee was guilty of contributory negligence in attempting to close the door in the manner alleged.

We may repeat here what we have said on former occasions; that those things which everybody knows the courts may be presumed to know and the courts will take judicial cognizance of such matters of general knowledge. It follows, therefore, that the courts will take judicial knowledge of the fact that a toilet provided for the female employees in a store is intended by the employer to be used only in cases of emergency or in cases of necessity. The emergency is one over which the employee nor the employer can have no absolute control. When the emergency occurs

it is necessary for the employee to repair to the place prepared and kept for that purpose and relieve the cause which necessitates repairing there.

It is also a matter of which the court may and should take judicial cognizance that when a female employee of a store repairs to such place in such store because of the necessity to go there, common decency demands that she close the door. It, therefore, follows that it is the duty of the employer providing such place for his female employees to provide a safe means or method by which the employee entering such place may close the door after her.

So it is that the allegations of the declaration of this cause must be taken in connection with the existence of the emergency incident to the use of the facilities described.

The rule governing the conduct of persons confronted with emergency is stated in 18 R. C. L. 654, as follows:

"The least reflection demonstrates that acts done under the stimulus of sudden peril, or in case of an emergency requiring immediate action, are not to be judged by the same standard as that applicable where the actor has ample time for reflection and intelligent choice of means. And it is generally held that an employee may be permitted to recover for injuries sustained while acting in an emergency, when if no emergency had existed a recovery would be denied. It has been shown that negligence consists in action or non-action accompanied by an appreciation of the danger attendant thereon, and it is sufficiently obvious that sudden peril is calculated to afford neither sufficient time for the development of understanding nor for the application of pre-existing knowledge. In the exigencies of a dangerous situation the employee will not, therefore, be held to the most judicious choice between hazards or the wisest course to escape the threatened peril. If he acts naturally he will

very often be permitted to recover although subsequently, in the light of all the facts, it may appear that another course of conduct might or would have led to safety. In almost any case proof of an emergency makes a case for the jury's determination."

We lay particular stress on next to the last sentence embraced in this paragraph; "If he acts naturally he will very often be permitted to recover although subsequently, in the light of all the facts, it may appear that another course of conduct might or would have led to safety."

Supporting this text will be found·Pa. Co. v. McCaffrey, 139 Ind. 430, 38 N. E. 67, 29 L .R. A. 104; Root v. Kansas City Sou. R. Co., 195 Mo. 384, 92 S. W. 621, 6 L. R. A. (N. S.) 212; W. Md. Ry. Co. v. Stanley, 61 Md. 266, 46 Am. Rep. 96.

That, in almost any case, proof of emergency makes a case for a jury's determination is too generally recognized to require citation of authorities in support of the enunciation, but support is found in Barry v. Hannibal, etc., R. Co., 98·Mo. 62, 11 S. W. 308; Goodrich v. New York Central R. Co., 116 N. Y. 398, 22 N. E. 397, 5 L. R.·A 750; Albam· v. Sommer, (N. J.), 146 Atl. 428; Va. R. R. Co. v. Bell, 115 Va. 429, 97 S. E. 396.

So we hold that it does not clearly appear as a matter of law from the allegation of the declaration or by inference from the allegations of fact alleged which are admitted by the demurrer that the plaintiff appreciated, or from its obvious nature should have appreciated, the risk arising from using the available facilities to close the door which the allegations of the declaration show had been placed for her use by the employer and which she was, impliedly at least, required to use when the use of such a place became nec-

essary. Nor does contributory negligence clearly appear from the declaration.

Therefore, the judgment should be reversed and the cause remanded for further proceedings according to law and the rules of practice.

It is so ordered.

Reversed and remanded.

WHITFIELD, TERRELL, and BROWN, J. J., concur.

DAVIS, J., concurs specially.

ELLIS, C. J., dissents.

DAVIS, J. (concurring).—A negligent actor may be liable for harm resulting to another from his conduct where such conduct is *a* legal cause constituting a substantial factor in bringing about the harm and there is nothing to relieve the actor because of the manner in which his negligence has resulted in the harm, *e. g.,* contributory negligence, See A. L. I. (Negligence) pars. 430-431. A plaintiff's negligent exposure to danger on his failure to exercise reasonable care for his own protection is contributory negligence as a matter of law if, *but only if,* it is a substantial factor in bringing about the harm and there is no rule restricting his responsibility because of the manner in which his conduct contributed to his harm. A. L. I. (Negligence) pars. 465-466, pages 1229, *et seq.* Thus, if defendant was negligent in creating a dangerous condition under which its toilet must have been used by its young lady employee (if at all) she can be barred *as a matter of law* capable of being decided on the pleadings, only if her exposure to the danger of defendants' negligence was intentional, knowing and unreasonable under the circumstances. The declaration does not show such to be the case.