McCORD, GUYTE P., Jr., Associate Judge.
Appellant, plaintiff below, brought suit for personal injuries allegedly sustained by him in an automobile accident. The jury returned a verdict for appellee, defendant below, and this is an appeal from the final judgment.
This case involves a rear-end collision which occurred on a clear, dry day at the intersection of U. S. Highway No. 1 and Camino Real in the City of Boca Raton in Palm Beach County. Appellant had stopped his automobile in the westerly northbound lane of U. S. No. 1 (a four-lane highway) in compliance with a red traffic light. Ap-pellee, also proceeding north in his automobile, testified without contradiction that he had stopped in the same lane some ten to fifteen feet behind appellant; that when the light changed to green both vehicles proceeded slowly forward into the intersection at approximately the same distance apart. Upon .reaching the middle of the intersection, appellant stopped and appellee hit the rear of appellant’s vehicle. Appellant did not notice appellee until the collision. Appellant testified that he stopped in the intersection because a police vehicle was moving into the intersection from the east on Camino Real. Appellee testified that his attention was distracted by the police car with its flashing red light; that he looked away at the police car for a second and when he looked back he found that appellant’s car had stopped suddenly at about the center of the intersection; that he was unable to stop in time to avoid the crash although there was nothing wrong with his brakes. Appellant testified that he came to a' slow stop and did not stop suddenly.
The evidence is not entirely clear as to the location of the police car at the time of the accident. The officer driving it testified that he was escorting a bulldozer which was following him; that he pulled up to the white line where the sidewalk crosses the intersection and stopped; then, with the traffic signal facing him showing red, he moved out approximately one car length beyond such white line and stopped not quite in the traffic lane of the intersection. The officer estimated that he had been stopped some eight to ten seconds before the collision occurred and that appellant’s car stopped some four to six seconds after the police car stopped. Appellant, on the other hand, testified that he stopped before the police vehicle did. The police car was neither sounding its siren nor giving an audible signal, but was using only the flashing red light on top of the car.
Appellee’s answer denied negligence and alleged contributory negligence. Motions for directed verdicts made by both sides at the close of the evidence were denied.
Appellant here contends that the court below erred in (1) denying his motion for directed verdict; (2) instructing the jury on questions not related to the testimony and over-instructing the jury on questions properly presented for its consideration; and (3) erroneously instructing the jury on the Distraction Rule.
We have carefully examined the record in this cause and find appellant’s contentions to be without merit. While we consider that the trial court’s instruction could have been presented in more concise and orderly form, we find, no prejudiciál error resulting to appellant. The. issues presented were proper jury questions on disputed issues of fact. See Staicer v. Hall, Fla.App., 130 So.2d 113.
The evidence clearly' indicates that the presence of the police car with its flashing red light at the intersection precipitated the events which resulted in this accident. Under appellee’s theory of the case, appellant’s alleged contributory negligence (suddenly stopping his 'vehicle in the intersection on a green light without concern to traffic following him when, the police car entering the intersection had already stopped.) was an issue for .the jury to resolve. Negligence of the .appellee, with *396 proper consideration given to the Distraction Rule, was also a jury question. Further, we find no error in the charge given on such rule as related to the evidence adduced in this cause.
The judgment of the court below is, therefore, affirmed.
BANNER, Acting C. J., and ALLEN, J., concur.