SHANNON, Acting Chief Judge.
The plaintiff filed his complaint against the defendant in a negligence action, and the trial court sustained the defendant’s motion to dismiss.
The defendant company had delivered a trailer load of fertilizer alongside a loading platform of the plaintiff’s employer. The plaintiff, with a helper, was unloading the trailer. He had loaded seven (7) one hundred (100) pound bags of fertilizer onto a hand truck that he was using and, stepping backward while attempting to turn the hand truck, he stepped into a defect on the floor of the trailer. The floor of the trailer had a hole therein approximately five (5) inches wide by twelve (12) inches long, and at least one (1) inch deep. The plaintiff alleges in his complaint that while he knew of the danger, “the effort and concentration required to perform his task of turning said hand truck, so loaded, required his-full attention, and that the plaintiff momentarily forgot the dangerous condition on said truck, and was momentarily distracted from the said danger by and through his efforts to turn and move the heavy load of fertilizer he was then transporting on the aforesaid hand truck” and that by stepping backward into the defect he fell and suffered the claimed injuries.
The question is whether a plaintiff who momentarily forgets about a danger which was previously known to him is guilty of contributory negligence as a matter of law. This question, of course, cannot be answered in the abstract, since it depends on the facts of each case. Generally, if a person is distracted from the known danger by a sufficient cause, the question of contributory negligence is for the jury. Most jurisdictions, including Florida, recognize this doctrine; however, there is a very close division of authority as to what is a sufficient cause to justify a person’s attention being diverted.
38 Am.Jur., Negligence, Sec. 187, states:
“ * * * Exceptions to the general rule, that the plaintiff’s failure to avoid a known peril is not excused by the fact that he forgot the peril, exist where his attention was diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save life. * * ” (Emphasis added).
*803 The opposing- view is that forgetfulness of a known danger is not contributory negligence as a matter of law, but merely one factor which the jury should consider in deciding whether the standard of reasonable care has been met. Extensive research has shown that it would be inaccurate to state that a distinct majority of jurisdictions adhere to one of these views as opposed to the other. There is an excellent annotation in 74 A.L.R.2d 950 entitled “momentary forgetfulness of danger as contributory negligence,” which cites numerous cases in many different jurisdictions.
The question in this case is whether plaintiffs duties in connection with his occupation were enough of a distraction to warrant the submission of the issue of contributory negligence to a jury.
In Deane v. Johnston, Fla.1958, 104 So.2d 3, 65 A.L.R.2d 957, the plaintiff tripped over a scale which extended about two feet onto the sidewalk at a bus stop. The scale had been there many years and the plaintiff was awar.e of its existence. The plaintiff had left work early because of hurricane warnings and was in a hurry to get home. While waiting for a bus, her employer called to her from his car which was stopped at a traffic signal. While watching the signal the plaintiff started towards the car and tripped over the scale. The Court held that this was sufficient cause to warrant the application of the distraction rule, and submitted the case to the jury.
In Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507, the plaintiff sustained injuries while trying to move some sheetrock left by the contractor in a passageway of plaintiff’s home which was under construction. She knew the sheetrock was quite heavy, but she was distracted by the fact that rain was coming through the open windows of the room blocked off by the sheetrock. The trial court submitted the case to' the jury and instructed them on the distraction rule. The appellate court reversed, saying:
“ * * * Like the doctrine of sudden emergency and last clear chance, the effect of the rule is to absolve one whose right to relief might otherwise be barred because of contributory negligence, and since it creates an exception to the general rules governing negligence, its application must be strictly limited to those cases in which its pertinence is clearly established by the evidence. * * * ”
In deciding whether to apply the so-called “distraction rule” the court must look at each case in light of its own facts. It would not be feasible to adopt either of the above mentioned opposing views as to what is a sufficient distraction. This would only serve to confuse the already complicated jurisprudence of negligence.
In the case at bar we do not think that the ordinary duties of this plaintiff’s employment are enough of a distraction to justify the submission of the question of contributory negligence to the jury. He was well aware of the defect on the floor of the truck. Plaintiff’s job was, with a helper, to unload bags of fertilizer from a trailer using a hand truck. This activity does not require such undivided attention as would justify his failure to remember the defect. The circumstances of this case do not warrant the application of the so-called “distraction rule.”
Affirmed.
WHITE, J., and WALDEN, JAMES H., Associate Judge, concur.