SWANN, Judge.
This is an appeal by the defendant from a final judgment entered on a jury verdict as to damages after the court had entered a summary judgment as to liability for the plaintiff as a result of an automobile accident. The parties will be referred to as in the trial court.
The plaintiff was, by the admission of all parties, free from negligence in this matter. On May 1, 1964 a motion for summary judgment on the issue of liability was filed by the plaintiff. On May 8, 1964, notice of a hearing on the motion, to be held on June 24, 1964, was mailed to the defendant. This hearing was never held, and on June 17, 1964, further notice of a hearing on the motion for summary judgment, scheduled for July 31, 1964, was forwarded to the defendant. Thereafter, various orders were entered, but none was entered on the motion for summary judgment. The matter was thereafter set for trial before a jury on October 7, 1964.
On the day of trial and immediately prior thereto, counsel for plaintiff requested a ruling by the court on the motion for summary judgment, although no hearing on this motion had been scheduled for the day of trial or notice of the hearing forwarded to defendant. The defense claims that it was taken by surprise when it was orally called for hearing immediately prior to trial.
The trial court thereupon considered the pleadings and depositions in the file and entered, over the objections of the defendant, a summary judgment as to liability and announced that the trial would proceed immediately on the question of damages. We believe this to be error for two reasons, which we will discuss.
The defendant admits that the plaintiff was without fault and claims that the collision with the plaintiff resulted when'a car pulled away from the curb, suddenly and without notice or warning, and caused the defendant to swerve his car onto the wrong side of the street. The plaintiff is without knowledge of this fact.
There is evidence to indicate that the defendant might have been guilty of negligence, and there is also evidence, which a jury might believe, that confronted with a sudden emergency the defendant acted as a reasonable, prudent man, and in trying to avoid an accident, collided with *589 plaintiff. Cook v. Lewis K. Liggett Co., 1937, 127 Fla. 369, 173 So. 159; Dupree v. Pitts, Fla.App.1964, 159 So.2d 904. It may-well be that a jury will find the defendant guilty of negligence, as did the trial court. We are of the opinion that there was conflicting evidence contained in the pleadings and depositions and that the issue of liability should be decided by the jury in a trial of this cause.
We are of the opinion that the trial court erred in entering a summary judgment without notice to the defendant that the same would be heard. Although the motion had been filed for many months, it had not been served, in accordance with Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A., “at least ten days before the time fixed for the hearing”; and the defendant was deprived of his opportunity to serve opposing affidavits prior to the day of the hearing.
The case of John K. Brennan Co. v. Central Bank & Trust Co., Fla.App.1964, 164 So.2d 525, held:
******
“Due proceess requires that before a summary judgment is authorized to be entered against a non-moving party, it must be shown that he has had a full and fair opportunity to meet the proposition that there is no genuine issue of a material fact and that the party for whom the summary judgment is rendered or ordered to be entered is entitled thereto as a matter of law. * * *
* * * * * *
“In the absence of other controlling factors, Rule 1.36(b), Rules of Civil Procedure, like Rule 56, Federal Rules of Civil Procedure, requires that a summary judgment be entered against a party only after an opportunity to be heard on ten days written notice of the application for the judgment. * * * ”
******
See also Babb v. Lincoln Auto Finance Co., Fla.App.1961, 133 So.2d 566.
For the reasons stated, the judgment is reversed and the cause remanded for action consistent herewith.
Reversed and remanded.