177 So.2d 869 (1965)
Anna BEEBE, Appellant,
v.
Irving B. KAPLAN and Thomas Awning & Tent Co., Inc., a Florida corporation, Appellees.
No. 64-1077.
District Court of Appeal of Florida. Third District.
August 3, 1965.
Rehearing Denied September 9, 1965.
*870 Frates, Fay & Floyd and Kermit G. Kindred, Miami, for appellant.
Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellee Kaplan.
Law Offices of John G. Poole, Jr., and George C. Vogelsang, Miami, for appellee Thomas Awning & Tent Co.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The appellant, Anna Beebe, was the plaintiff in the trial court. She was injured while serving as a maid in the home of Irving B. Kaplan. At the time of the injury the Kaplans were giving a party. The appellant was serving in a tent, erected for the party, by Thomas Awning & Tent Co. She fell at a place where the floor of the tent was cut out around a bush.
The appellees, Irving B. Kaplan and Thomas Awning & Tent Co. were defendants to Anna Beebe's suit. Each of the appellees moved for and was granted a summary final judgment. This appeal brings on both judgments for review. We hold that the summary judgment was properly entered for defendant-appellee, Thomas Awning & Tent Co., and affirm that judgment. We hold that there is a genuine issue of material fact as to the liability of defendant-appellee, Irving B. Kaplan, and we reverse that judgment.

FACTS
The following facts, which appear in the record, are stated in accordance with the rule that all inferences of fact deductible from proofs must be drawn against the movant and in favor of the non-moving party. Warring v. Winn-Dixie Stores, Inc., Fla.App. 1958, 105 So.2d 915; Koplin v. Bennett, Fla.App. 1963, 155 So.2d 568.
Mr. Kaplan's home is shaped like a large horseshoe with a patio area in the center. An open breezeway supported by concrete columns runs north and south across the open end of the horseshoe and separates the patio from the back yard.
In making preparations for the party, Mr. Kaplan engaged the services of Thomas Awning & Tent Co., to supply and set up a tent to cover the patio area. A canvas cover was placed on the grass in the patio and back yard. The awning company also installed additional outside lighting. The serving tables for food were placed at the north end of the breezeway, where a screen porch connects the north end of the breezeway to the kitchen.
The appellant arrived at the Kaplan home for her service as a temporary maid for the party at about 7 P.M. Her injury occurred at about 11 P.M. Prior to that time she had an opportunity to observe the arrangement of the area for the party. She did observe that the ground immediately around the flower bushes was not covered with canvas and that there was low ground around the bushes.
Prior to her injury the appellant had been standing behind the serving tables on the canvas ground cover serving the guests as they passed in front of the tables. During the serving of the guests all of the lights went out because of a blown fuse. A few candles were brought out and lighted and the buffet continued. When the guests *871 had emptied one of the dishes, the appellant started to the kitchen to refill it. The route that she took was one that she had already traversed several times while the lights were on. This route required the appellant to go around a flower bed.
When the appellant reached the porch on the way to the kitchen with the empty dish, she was met by several members of the Kaplan family. They took the dish and put a hurricane candle in each hand and someone said, "Hurry, get these candles on the table." As she hurried through the darkness toward the serving table, she stepped off of the edge of the ground cover into the cutout around the flower bed, pitched forward, and fractured her right shoulder in two places.
Although there are numerous contradictions between the testimony in the depositions of appellee, Kaplan, and the installing employee of the defendant-appellee, Thomas Awning & Tent Co., two facts are uncontradicted: (1) the lines for the extra lights were not overloaded when installed and (2) Mr. Kaplan added a large coffee percolator to the circuit just before the fuse blew.

BASIS OF THE HOLDING UPON THE JUDGMENT FOR APPELLEE KAPLAN.
The record discloses that there are genuine issues of material fact as to whether or not the defendant-appellee, Kaplan, was negligent, as alleged in the complaint, and as to whether or not the plaintiff was contributorily negligent as alleged in Kaplan's answer.
Kaplan, as an employer, had a duty to provide the plaintiff with a reasonably safe place to work under the circumstances for which she was hired. Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Hicks v. Kemp, Fla. 1955, 79 So.2d 696; Great Atlantic and Pacific Tea Co. v. Jones, 5th Cir.1961, 294 F.2d 495. Whether or not this duty was breached should be for the jury to answer.
When a person enters an area in darkness with a knowledge that the area contains a hazard to his safety and is injured by the known hazard, he is ordinarily guilty of contributory negligence as a matter of law. Brant v. Van Zandt, Fla. 1954, 77 So.2d 858; Garring v. King Cole Northshore Hotel, Inc., Fla.App. 1960, 122 So.2d 207.
Although the Supreme Court of Florida in Brant v. Van Zandt, supra, applied the above rule and held that the plaintiff was contributorily negligent as a matter of law, it went on to recognize the following exception to the rule:
"Exceptions to the general rule, that the plaintiff's failure to avoid a known peril is not excused by the fact that he forgot the peril, exist where his attention was diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save life." 77 So.2d 862.
In Deane v. Johnston, Fla. 1958, 104 So.2d 3, 65 A.L.R.2d 957, the court had under consideration a case wherein the plaintiff, a woman, tripped over a weighing machine or scale which was located on a city sidewalk next to a bus stop sign. The plaintiff had left her office earlier than usual and was waiting to take a bus home at the time of the accident because the area had been alerted for a possible hurricane. Her employer drove by in his car while she was waiting and stopped for a stop light at the corner. He called to her and offered her a ride. As she started for the automobile she tripped over the scale and fell. The plaintiff acknowledged that she knew the scale was there but that she was watching the traffic light. The question of contributory negligence was submitted to a jury and a verdict returned in favor of the plaintiff. The court in affirming the judgment entered thereon said the following:
"This court is committed to the proposition that contributory negligence is ordinarily a question of fact for the *872 jury. It is true that by her own admissions appellee was familiar with the scale and with the locus of the accident. She asserts, however, that the case was one for jury consideration because of the `distraction rule' whereunder, if her attention were diverted from the known danger by a sufficient cause, the question of contributory negligence is for the jury. With this contention we are inclined to agree. At the time appellee was distracted by her employer's call to her she, according to her testimony, immediately looked both at the traffic and the traffic light, which we consider to have been her duty in exercising ordinary care and caution for her own safety before attempting to cross the street." 104 So.2d at 9.
In Cook v. Lewis K. Liggett Co., 127 Fla. 369, 173 So. 159 (1937) the Court reversed a judgment of the lower court, thereby holding that the plaintiff, in personal injury action, was not contributorily negligent as a matter of law. In so holding the following rule was recognized:
"The least reflection demonstrates that acts done under the stimulus of sudden peril, or in case of an emergency requiring immediate action, are not to be judged by the same standard as that applicable where the actor has ample time for reflection and intelligent choice of means. And it is generally held that an employee may be permitted to recover for injuries sustained while acting in an emergency, when if no emergency had existed a recovery would be denied. It has been shown that negligence consists in action or nonaction accompanied by an appreciation of the danger attendant thereon, and it is sufficiently obvious that sudden peril is calculated to afford neither sufficient time for the development of understanding nor for the application of preexisting knowledge. In the exigencies of a dangerous situation the employee will not, therefore, be held to the most judicious choice between hazards or the wisest course to escape the threatened peril. It he acts naturally he will very often be permitted to recover although subsequently, in the light of all the facts, it may appear that another course of conduct might or would have led to safety. In almost any case proof of an emergency makes a case for the jury's determination." 173 So. at 161.
The Court went on to say:
"We lay particular stress on next to the last sentence embraced in this paragraph; `If he acts naturally he will very often be permitted to recover although subsequently, in the light of all the facts, it may appear that another course of conduct might or would have led to safety.'" 173 So. at 161.
In the instant case, it is apparent that the appellant, as a servant, acted at the direction of her employer or his agents, and under their urging for her to make haste. The excitement engendered when the employer and his family were trying to continue the large dinner party in partial darkness gives further effect to appellant's contention that she was acting at the direction of her employer for her to hurry. We therefore hold that the facts of this case constitute an exception to the ordinary rule as to contributory negligence in that the jury may find that the appellant was excused from an ordinary regard for her own safety by the fact that she was acting at the specific direction of her employer to proceed and to proceed in a hurry.
It is our view that the trial court erred in finding that contributory negligence appeared as a matter of law from all of the circumstances of this record. Accordingly, the summary final judgment for the defendant Irving B. Kaplan is reversed and the cause will be remanded for trial upon appellant's complaint.

*873 BASIS OF THE HOLDING UPON THE JUDGMENT FOR APPELLEE, THOMAS AWNING & TENT CO.
The trial court correctly applied the law of contributory negligence in finding that, under no reasonable view of the facts presented, could the appellee, Thomas Awning & Tent Co., be held liable for appellant's injury. Appellant's disregard for her own safety when she proceeded in the darkness into an area of known danger is sufficient to insulate that defendant from the possible effect of its own negligence, if such negligence existed. This is true because the exception, found to be applicable if proved, as against the employer, Kaplan, is not applicable as against the third party, Thomas Tent & Awning Co. The exception is rooted in the employee-employer relationship and therefore cannot apply to a third party who is not a part of that relationship. The summary final judgment for the defendant, Thomas Awning & Tent Co., Inc., is affirmed.
Affirmed in part and reversed in part and remanded.