ANDREWS, Judge.
Belle M. Kline appeals final judgment entered pursuant to a jury verdict for Pub-lix Super Markets, L.c., defendant.
Plaintiff brought an action- against the defendant for injuries allegedly received when an automatic door in one of defendant’s stores struck her and knocked her down. The facts reveal that the door in question is operated by stepping on a mat which causes electrical currents inside the mat to close a circuit, thus activating a mechanism which opens the door. As the person steps through the door, the pressure on another mat activates another mechanism which causes the door to remain open for a specified period of time after the pressure oh the mat has been released.
The plaintiff contends that the trial judge’s instruction to the jury relat *740 ing to the doctrine of res ipsa loquitur was confusing, misleading, and an incorrrect statement of the law. Although the instruction complained of was awkwardly stated, it was nevertheless a correct statement of the law. An instruction is not rendered misleading and harmfully erroneous because the construction of the sentences or the words used are amenable to some criticism, so long as the meaning the court intended to convey is reasonably clear. Atlantic Coast Line R. Co. v. Shouse, 1922, 83 Fla. 156, 91 So. 90; Gordon v. May, Fla.App.1963, 149 So.2d 394.
In light of the verdict reached by the jury it is not necessary for us to consider the defendant’s contention that the res ipsa loquitur doctrine was inapplicable in the instant case, for it has not been prejudiced by the giving of the instruction and the error, if any, was harmless.
Accordingly, the judgment is affirmed.
ALLEN, C. J., and DYKES, ROGER F., Associate Judge, concur.