196 So.2d 215 (1967)
MAXIMO MOORINGS MARINE CENTER, INC., a Florida Corporation, Appellant,
v.
Robert C. WALKE, Appellee.
No. 7007.
District Court of Appeal of Florida. Second District.
March 1, 1967.
Rehearing Denied April 3, 1967.
*216 Charles F. Clark, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Myron J. Mensh, of Mensh & Mensh, St. Petersburg, for appellee.
SHANNON, Judge.
Appellant, defendant below, has filed this appeal from a jury verdict which granted appellee, plaintiff below, $1,000.00 in damages against appellant.
The accident out of which this suit arose occurred when the plaintiff walked into a glass panel located at the front of defendant's place of business. The front of the premises had two normal sized doors encased in aluminum framing in the usual manner. Between the two doors and encased in aluminum framing was a fixed plate glass panel. Inside the store building itself and adjacent to the glass panel defendant had suspended by chains from the ceiling an electric sign, which, when viewed from the exterior of the building, advertised Onan generators. The sign had a thickness of approximately four inches and was approximately fifteen inches from top to bottom. Electricity for the sign was provided by a cord running from the ceiling of the building. The defendant's manager testified that the bottom of the sign was four feet and eleven inches from floor level, but the plaintiff contended that the sign was somewhat higher.
On the date in question the plaintiff and a friend entered defendant's place of business through a rear entranceway. Plaintiff was told that the service which he sought, the repair of a fuel pump, would take approximately thirty to forty-five minutes and plaintiff decided he would leave to get a cup of coffee. As plaintiff and his friend proceeded from the back of the building to the front, and upon nearing the front of the defendant's premises, he noted the sign as described and remarked to his friend, "Isn't that a heck of a place to put a sign," and thereupon walked into the plate glass panel.
The points for determination in this appeal are whether the trial court erred (1) in denying defendant's motion for a directed verdict, (2) in instructing the jury on the so-called distraction rule, (3) in making an alleged comment on the evidence, and (4) in refusing to receive a certain photograph into evidence. These points will be discussed in order.
The record reveals that the evidence was in dispute as to whether or not the defendant was negligent. Where such a conflict of evidence exists the jury should be allowed to resolve the conflict. Therefore, since there was a conflict of evidence here, it was not error for the trial judge to refuse to grant the defendant's motion for directed verdict. Barr v. Mizrahi, Fla.App. 1960, 124 So.2d 508.
The second issue raised in this appeal is whether the trial court erred in instructing the jury on the distraction rule. Under this rule, if the plaintiff's attention is diverted from known danger by a sufficient cause, the question of contributory negligence is for the jury. This rule made is initial appearance in the negligence law of Florida in the case of Deane v. Johnston, Fla. 1958, 104 So.2d 3, 65 A.L.R.2d 957. Its intent is to relieve the plaintiff from the effect of contributory negligence when his faculties are diverted or distracted by a legally sufficient cause.
In this present appeal Plaintiff Walke was walking toward the glass panel, noticed the sign, remarked to his friend that it was a heck of a place for a sign and then *217 walked into the glass panel. The effect of the instruction given by the lower court was to give the erroneous impression that the plaintiff's lack of attention to where he was walking could be excused under the distraction rule. Such is not the law. As was stated in Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507 at 511:
"Diversion of attention as contemplated by the rule is to be distinguished from a mere lack of attention by reason of voluntary interest in some collateral matter. The fact that one momentarily forgets the existence of a hazard or fails to pay any attention to what he is doing, with nothing to distract his attention from it, is no excuse for his failure to observe the hazard and the diversion rule is not applicable under such circumstances. * *"
See also Tomlinson v. Wilson & Toomer Fertilizer Company, Fla.App. 1964, 165 So.2d 801. Defendant's counsel objected to the giving of this instruction and, although this court would have objected at a different point in the trial, defendant's objection was sufficient to preserve the point for appeal. Since the instruction was in error this case must be reversed for a new trial.
Although a discussion of the last two issues raised in this appeal is not necessary for our decision, we feel some short comment should be made about them.
As part of its case the defendant sought to prove that the aluminum framing around the glass panel was two and one-half to three inches above the floor. During the course of the trial the judge made the following comment: "I think all of us know these aluminum framings around these glasses may be, at the most, three-quarters to an inch above the floor. You don't have to literally step over it." By making such a statement the trial judge was commenting unfavorably on the defendant's theory of the case. The remark was highly improper and not in keeping with the standards of judicial impartiality.
During the course of the trial the defendant sought to have a photograph, marked Exhibit A, admitted into evidence. This photo is 8" x 10" and shows the interior of the store. The photo was taken after the glass panel was repaired, but so far as we can determine, the photo shows an accurate representation of the store on the day the accident occurred. The defendant had two photographs which were 3" x 3" admitted into evidence. He sought to get the 8" x 10" photo into evidence so that greater detail of the scene of the accident could be shown. After reading the record we can find no sufficient basis for not allowing the 8" x 10" photo into evidence. At the new trial the photograph should be allowed as evidence.
For the reasons stated in this opinion this case is reversed for a new trial.
Reversed and remanded.
ALLEN, C.J., and PIERCE, J., concur.