REED, Judge.
The second amended complaint filed by the plaintiff, Robert W. Stueber, alleges that on or about 18 June 1965 the plaintiff slipped and fell in a puddle of water in the doorway of an office located in Building No. 423 at Patrick Air Force Base. At the time of the accident the plaintiff was an employee of Pan American World Airways and assigned to the contract administration department of that company. The room where the accident occurred was provided for use by personnel of Pan American.
The complaint alleges that the defendant, Maintenance, Inc., had a maintenance contract with the owner of the building in which the accident occurred and was obligated to furnish janitorial services in the building for areas including that at which the accident occurred. The complaint further alleges that the defendant, Maintenance, Inc., knew or should have known of the existence of the water and that it created an unreasonable risk of harm to persons working in its vicinity and failed to take reasonable precautions to correct the condition pursuant to its contractual obligation.
The answer filed by the defendant, Maintenance, Inc., denies the allegations of negligence and alleges contributory negligence *306 on the part of the plaintiff in failing to maintain reasonable care for his own safety.
The plaintiff’s deposition revealed that on the morning of the accident the plaintiff had been in and out of the room in question approximately four or five times prior to the accident, and on these occasions had observed the water on the floor and knew that it created an unsafe condition. He described the water as a puddle lying in the threshold and partially inside and partially outside of the office. He stated that the puddle had paper towels lying in the center. He could not estimate the size of the puddle but said that he had stepped across it four or five times previous to the accident. The plaintiff, therefore, was shown by his own deposition to have had knowledge, prior to his unfortunate accident, of the condition which ultimately resulted in his fall.
The plaintiff in his deposition stated that, on the occasion when he slipped in the puddle, he was approaching the door from an adjacent hall and was making a right-angle turn into the office. He testified that the only distraction of which he was aware was his work. He stated that his mind was on his work and that he was involved in a “hot project” which had to be completed within a two-hour period on the day of the accident. The plaintiff also characterized his work on this occasion as a “crash program” and testified that he had been working on it for approximately one hour before the accident occurred. ■
On the basis of the plaintiff’s deposition a motion by the defendant for summary judgment was granted and summary final judgment was entered in favor of the defendant. It is from this final judgment that the present appeal is taken.
Generally, where a person is injured by a collision with a condition of which he had actual knowledge sufficiently in advance to afford an opportunity to avoid the condition, he is guilty of negligence as a matter of law. Brant v. Van Zandt, Fla.1954, 77 So.2d 858, 861; Dewar v. City of Miami, Fla.1957, 93 So.2d 58, 60; Andrews v. Goetz, Fla.App.1958, 104 So.2d 653, 655; Garring v. King Cole Northshore Hotel, Inc., Fla.App.1960, 122 So.2d 207, 208; McKean v. Kloeppel Hotels, Inc., Fla.App.1965, 171 So.2d 552, 556. An exception to this rule was introduced into the law of Florida by the case of Deane v. Johnston, Fla.1958, 104 So.2d 3, 9, 65 A.L.R.2d 957, where the Florida Supreme Court held that, where a person’s attention is diverted from a known danger by a “sufficient cause”, the question of contributory negligence is for the jury. This exception is sometimes known as the “distraction rule”.
What is a “sufficient cause” or distraction to permit the question of contributory negligence to go to the jury must be decided by the court' in the first instance according to the facts of each case. Tomlinson v. Wilson & Toomer Fertilizer Company, Fla.App.1964, 165 So.2d 801, 803.
In the present case, at the time of the accident the plaintiff was performing the ordinary duties of his employment, although he was working against a deadline. The plaintiff did not avoid the dangerous condition at the threshold of the room because, with his mind on his work, he had momentarily forgotten about the water on the floor. As the plaintiff approached the doorway to the office he was carrying a ruler but was subject to no external diversions which might reasonably have been expected to divert his vision or his mind or both from the dangerous condition which he was approaching. Contrast: Deane v. Johnston, supra, and Gordon v. May, Fla.App.1963, 149 So.2d 394.
The facts in the present case are somewhat similar to those in Tomlinson v. Wilson & Toomer Fertilizer Company, supra, and Bashaw v. Dyke, Fla.App.1960, 122 So.2d 507, and in our opinion warrant the conclusion here, as in the last cited cases, that the distraction rule is not applicable. For this reason, the trial court was correct *307 in applying the general rule to the plaintiff’s admissions contained in his deposition and awarding the defendant a summary judgment.
Affirmed.
CROSS, J., and HEWITT, ROBERT S., Associate Judge, concur.