OWEN, Judge.
Mr. Saling sustained personal injuries when he fell from a raised platform while a business invitee in appellant’s used furniture auction house. A jury trial resulted in a verdict and judgment for Mr. Saling and defendant appeals.
The principal issue raised on appeal is whether there was sufficient evidence of distraction to justify submitting the issue of plaintiff’s contributory negligence to the jury.
Appellant’s auction house contained an elevated platform which was some 20 feet in depth extending across the entire width of the northend of the building, and which was approximately three feet in height above the floor level of the building. The platform, which had no railing on it, was used by appellant to display merchandise being auctioned and to provide a place for *713 the auctioneer and his assistants. Mr. Sal-ing had been on the platform on at least fifteen previous occasions to inspect articles of furniture, but had never been on the platform while an auction was in progress.
On the night of his injury, Mr. Saling had indicated an interest in a particular piece of furniture and when it was put up for auction, one of appellant’s employees invited Mr. Saling up on the platform to inspect the article. He accepted the invitation and while he was coming onto the platform, the piece of furniture was pulled out from the side wall and toward the front edge of the platform. Appellant’s employee began to describe the article of furniture to Mr. Saling, showing him its various features. Mr. Saling then offered the opening bid. At that time he had his back to the front edge of the platform, standing approximately 18 inches from the edge. The employee, ostensibly to create more interest in the bidding, started to show Mr. Saling (and the audience) other features of the article of furniture, stepping between Mr. Saling and the article to do so. In order to permit the employee sufficient room, Mr. Saling steppped backward approximately one step which carried him off the platform causing the personal injuries for which he sued.
At the trial Mr. Saling testified that he had not been trying to get off the platform but had forgotten how close he was to the edge, thinking that he had more room behind him, that he did not slip or trip nor did anyone push him or force him off the platform, and that the lighting was adequate and he had no difficulty in seeing the condition of the premises. In answer to a direct question as to whether there was any distraction or anything distracting him, he responded, “No, except maybe the price I was paying for it.”
Plaintiff’s own negligence was a proximate if not the sole cause of his injuries. He was aware that he was on the elevated platform in close proximity to the edge and that it was not protected by any railing. As this court said in Stueber v. Maintenance, Inc., Fla.App.1967, 205 So.2d 305:
“Generally, where a person is injured by * * * a condition of which he had actual knowledge sufficiently in advance to afford an opportunity to avoid the condition, he is guilty of negligence as a matter of law.” (Citations omitted.)
In the cited case we recognized an exception to such rule introduced into the law of Florida by the case of Deane v. Johnston, Fla.1958, 104 So.2d 3, 65 A.L.R.2d 957, wherein it was held that when a person’s attention is diverted from a known danger by a “sufficient cause”, the question of contributory negligence is for the jury. Such exception has become known as the distraction rule.
In discussing the rule, the court in Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507 said (at page 511) :
“Diversion of attention as contemplated by the rule is to be distinguished from a mere lack of attention by reason of voluntary interest in some collateral matter. The fact that one momentarily forgets the existence of a hazard or fails to pay any attention to what he is doing, with nothing to distract his attention from it, is no excuse for his failure to observe the hazard and the diversion rule is not applicable under such circumstances. 25 Am.Jur. 760, § 468.”
In the case at bar the evidence is clear that Mr. Saling’s injury was due solely to his momentary forgetfulness of his proximity to the edge of the platform due to the voluntary interest he was taking in the article of furniture being auctioned. His attention was not diverted from the known hazard because of a distraction emanating from some external source and involving some sudden disturbing cause or some urgency of the type held in Deane v. Johnston, supra, and Beebe v. Kaplan, Fla.App. 1965, 177 So.2d 869, to be sufficient distraction so that the issue of whether plaintiff’s *714 conduct amounted to contributory negligence became a question of fact for the jury instead of a question of law for the court. If Mr. Saling’s attention was diverted or distracted at all [a point upon which he seemed in some doubt], it was due to preoccupation with concentrating on the price he might pay for the article of furniture. A lack of attentiveness to one’s surroundings due to a preoccupation of this type has been held in Stueber v. Maintenance, Inc., supra, and Tomlinson v. Wilson & Toomer Fertilizer Co., Fla.App.1964, 165 So.2d 801, as not being a sufficient cause to invoke the distraction rule.
Although Deane v. Johnston, supra, is considered as the case which introduced the distraction rule to this jurisdiction, the substance of the rule was recognized [but not by such name] in the case of Brant v. Van-Zandt, Fla. 1954, 77 So.2d 858. In the cited case the court noted that “* * * [Forgetfulness of a known danger is contributory negligence in itself where it is not consistent with the exercise of ordinary care. * * * ” after which the court cited authority which recognized that an exception existed “where * * * [the person’s] attention was diverted from the danger by a disturbing situation, * * *.” It is apparent that the rationale of the distraction rule had its roots in an exception of this type.
Although we recognize the admonition of Judge Shannon in Tomlinson v. Wilson & Toomer Fertilizer Co., supra, that it is not feasible to adopt a hard and fast rule as to what is a legally sufficient distraction to justify a person’s attention being diverted from a known danger, we nonetheless feel that some general guidelines can be established from the reported cases. Our attention has been called to only two reported cases in Florida where the rule was applied to convert plaintiff’s conduct from contributory negligence as a matter of law into a question of fact for the jury; in both some sudden external disturbance or urgency was involved. See Deane v. Johnston, supra; Beebe v. Kaplan, supra. In the cases wherein the distraction rule was held not to apply, the distraction involved was from an internal source such as preoccupation with one’s work, General Dynamics Corp. v. Adams, 5 Cir. 1965, 340 F.2d 271; Stueber v. Maintenance, Inc., supra; Tomlinson v. Wilson & Toomer Fertilizer Co., supra, or there was a complete lack of urgency or distracting influence, Maximo Moorings Marine Center, Inc. v. Walke, Fla.App. 1967, 196 So.2d 215, Bashaw v. Dyke, supra. It seems that from these cases there is some semblance of a pattern developing similar to the exception noted by the court in Brant v. VanZandt, supra. We conclude that where a plaintiff’s injury is the result of his forgetfulness of a known peril such that his conduct would ordinarily amount to contributory negligence as a matter of law, only a diversion from an external source arising from urgent or sudden and disturbing circumstances will qualify as a sufficient legal cause to invoke the distraction rule and thereby convert the question of plaintiff’s contributory negligence to one of fact for the jury.
No such circumstances were present in this case and plaintiff’s contributory negligence having been established as a matter of law, defendant’s motions for directed verdict made at the close of the plaintiff’s case and renewed at the close of all of the evidence should have been granted. This conclusion makes it unnecessary for us to consider the other issue raised by appellant.
The judgment is reversed and the cause remanded with instructions to enter judgment in favor of defendant.
Reversed and remanded.
McCAIN, J., concurs.
WALDEN, J., dissents, without opinion.