OWEN, Judge.
This is a slip and fall case in which summary judgment was entered for the defendant appellee. We reverse.
The appellee bank owned an apartment building. Included in the facilities maintained for use in common by the tenants was a sauna bath. The only means of ingress and egress was a concrete ramp having an incline of approximately 35° to 40°. The ramp remained constantly wet, a condition resulting from the combined effect of overflow from the adjacent sauna-shower area and the water tracked by patrons exiting therefrom after using the facility.
Appellant Rosenberg, a tenant, had used the sauna facility and had started to return to his apartment. Stepping upon the downward slope of the wet concrete ramp, he slipped and fell sustaining injuries for which he brought this suit. Upon deposition, Mr. Rosenberg admitted that before he stepped upon the concrete ramp he was aware of its wet condition (which is the condition of the premises alleged to have caused his fall). Based upon this admission by appellant, the court determined that plaintiff-appellant was guilty of contributory negligence as a matter of law and entered a summary judgment for defendant, citing as authority the cases of Earley v. Morrison Cafeteria Co., Fla.1952, 61 So. 2d 477; Allied Business Association, Inc. v. Saling, Fla.App. 1969, 227 So.2d 712; Stueber v. Maintenance, Inc., Fla.App.1968, 205 So.2d 305; and McKean v. Kloeppel Hotels, Inc., Fla.App.1965, 171 So.2d 552.
Mr. Rosenberg was wearing rubber soled tennis or deck shoes, was watching where he was walking, and had not had any intoxicants to drink (but there is some indication he was not using a handrail which had been provided). Although the ramp was usually wet when he used it, appellant *18 had never previously slipped nor encountered any difficulty on the ramp, and there was no evidence that he was aware that any one else had ever slipped. We may assume that the court’s determination of contributory negligence as a matter of law was not based upon the manner in which appellant conducted himself after he stepped upon the ramp, since clear factual issues are present relative thereto. It is evident that such determination by the court was based solely upon the conclusion that appellant’s mere use of the ramp knowing it to be wet was itself negligence proximately causing his injuries.
We are satisfied that the unique circumstances present in this case require that the question of whether appellant’s conduct (in using the ramp knowing it to be wet) amounts to negligence should be determined by the jury as an issue of fact rather than by the court as an issue of law. Of paramount significance is the evidence which, viewed most favorably to appellant, established that the concrete ramp was wet over substantially its entire area. This is a significant factor which distinguishes this case from those cases involving only a small area of wet surface which the injured person easily could have avoided merely by stepping over or going around. Cf. Chambers v. Southern Wholesale, Inc., Fla. 1956, 92 So.2d 188. Here Mr. Rosenberg’s only alternatives were to either walk down the ramp despite his awareness of the water on it, or be content to remain for some indefinite period of time as a virtual prisoner upon the landing immediately outside the sauna-shower area. Under such circumstances, appellant’s use of the ramp, even with foreknowledge of its condition, was not necessarily such a departure from the course of conduct which a reasonably prudent man in like circumstances would have followed as to require the court to determine the issue as a matter of law.
Whether appellant failed to exercise reasonable care for his own safety, either by using the ramp at all, or by his conduct after entering upon the ramp, appear from the evidence presently in the record to be fact issues for the jury. The summary judgment in favor of the appellees is reversed and this cause remanded for further proceedings.
Reversed and remanded.
REED, C. J., and WALDEN, J., concur.