ERVIN, Justice
(dissenting):
We have for review on petition for writ of certiorari a decision of the District Court of Appeal, Third District, upholding a directed verdict entered by the trial court in Respondent’s favor. Schubowsky v. Hearn Food Stores, Inc., Fla.App.1971, 247 So.2d 484. I find we have jurisdiction by virtue of a conflict with Cook v. Lewis K. Liggett Co., 1937, 127 Fla. 369, 173 So. 159. Article V, Section 4(2), Florida Constitution; Rule 4.5(c) (6), F.A.R., 32 F.S.A.
Petitioner was injured during a “shoot out” in the Hearn Food Store, Inc. Two armed robbers entered the store around 4:00 a.m. and demanded cash from the night manager, one Rigdon. Shortly thereafter Petitioner entered the store to purchase cigars. When Petitioner appeared, the robbers concealed their weapons. Rig-don, believing he could “get the drop” on them, drew a pistol supplied by his employer and fired. The robbers returned his shots, and in the course of the shooting Petitioner was struck by a bullet causing the loss of sight in one eye.
Petitioner sued Respondents for personal injuries. At the conclusion of his evidence, the trial court granted Respondents’’ motion for directed verdict and entered a *163 final judgment in their favor. The court found “by law, a person is not liable for injuries to a third person while committing a lawful act by lawful means.” It was the conclusion of the court that Rigdon was acting in a lawful manner when he drew his gun and began firing. In addition, the court concluded that under the “sudden emergency doctrine” Rigdon had not acted negligently.
The District Court of Appeal, Third District, affirmed. That court said:
“The defendants’ [Respondents] employee was privileged and justified in defending his own life and the employers’ property when faced by the armed robbers. In resisting the robbers, the proprietor had justification over and above an ordinary elective act entailing risk to a third person. When an opportunity arose to get the ‘drop’ on the robbers, the proprietor was entitled to act upon it in resistance of the robbery. The fact that in the course of his resistance, which succeeded in averting the robbery, the customer who was present was shot by one of the robbers, does not operate to negative the justification of the proprietor to so act in such circumstances. A victim of a violent crime, such as armed robbery, is justified and privileged against liability for an injury which may result from his resistance which otherwise could cause actionable damage, [citations omitted]”
I do not agree with the District Court’s conclusion that the victim of a violent crime is not negligent as a matter of law for any injuries he inflicts upon third parties while resisting his attackers. Two questions of fact must be answered by a jury: (1) whether the defendant was faced with an emergency situation; and (2) whether he acted as a reasonable man under the circumstances. It is not within the province of the trial court to make such factual determinations.
An emergency is “a sudden or unexpected event or combination of circumstances which calls for immediate action”; in an emergency, “the actor is left no time for thought, or is reasonably so disturbed or excited, that he cannot weigh alternative courses of action, and must make a speedy decision, based very largely upon impulse or guess.” W. Prosser, Law of Torts 171-172 (3rd ed. 1964). Whether a person is confronted with such a situation is for a jury to determine. Cook v. Lewis K. Liggett Co., supra.
If the jury concludes that the circumstances confronting the defendant were such as to create an emergency, then the jury must decide whether the defendant acted as a reasonable man under that particular emergency situation, 2 F. Harper & F. James, The Law of Torts § 16.-11 (1956); W. Prosser, supra § 33; Annot., 80 A.L.R.2d 12 (1961); Comment to Instruction 4.8, “Sudden Emergency,” Florida Standard Jury Instructions (1967). Emergencies do not relieve defendants of their duty to act reasonably. They are still held to the reasonable man standard; “the applicable standard of care is reasonable care under the circumstances.” Florida Standard Jury Instructions, supra. The jury will “take into account the fact that . . . [the defendant] is in a position where he must make a speedy decision between alternative courses of action and that, therefore, he has no time to make an accurate forecast as to the effect of his choice.” Restatement (Second) of Torts § 296, comment b at 65 (1965).
Examples come to mind where “shoot outs” ordinarily are not initiated by particular employees to defend their lives as reasonably necessary last resorts; i.e., in banks where many persons are in the lobbies; in stores filled with shoppers, many of whom are children; and in hijacked commercial aircraft.
The trial court should not have relieved the jury of its fact-finding responsibility in this case.
*164 The decision of the District Court of Appeal, Third District, should be quashed and this cause remanded to that court with instructions to the trial court to grant a new trial.