BOARDMAN, Judge.
The plaintiff below, Marie Bryant, wife, appellant here, appeals a summary final judgment dismissing the cause with prejudice for the defendant below, appellee here, in a negligence suit.
The original complaint was dismissed, with leave to amend, by order of the trial court and appellant filed her amended complaint. She alleged, therein, that she was a business invitee on the premises of the Holiday Inn, owned by the appellee, Florida Inland Theatres, Inc., for the purpose of having lunch in the restaurant, and that the appellee failed to use reasonable care in maintaining the premises, to wit: the parking lot, in a reasonably safe condition for her protection and safety. She further alleged that the appellee at the particular time and place negligently allowed the pavement in the parking lot to be in a slick, slippery, and, therefore, unsafe condition, and allowed water, or a slippery substance, to remain on said pavement; that said condition was known to' the ap-pellee, or, by the exercise of due care, should have been known to the appellee; and, that the appellant was caused to slip and fall as she was walking across the parking lot returning to her automobile and suffered the injuries of which she complains. To this amended complaint the appellee filed an answer in which it denied the negligence complained of, and, further, alleged that the appellant was guilty of contributory negligence.
Upon completion of discovery, consisting of the taking of the deposition of Marie Bryant by the appellee, and the affidavit of a witness, Una Mae Clark, the case came on to be heard on the motion of ap-pellee for summary judgment upon the deposition and affidavit filed in support thereof. The appellant did not submit any affidavit in opposition to the motion. As previously stated, the motion for summary judgment was granted and the case dismissed with prejudice.
By the entry of the order granting the summary judgment, the trial court necessarily found no genuine issue of fact to exist between the parties and that the ap-pellee was entitled to a judgment as a matter of law. Rule 1.510(c), RCP, 31 F.S.A.
The sole question presented to this court is whether, in light of the record, the ruling of the very able and knowledgeable trial judge was correct.
The facts as disclosed by the deposition of Marie Bryant may be summarized as follows: that she parked her automobile in the appellee’s parking lot in the early afternoon on the day in question; there is some doubt in her mind as to whether the lawn sprinklers were turned on at this time, but that the pavement hadn’t gotten wet; that while she was inside the Inn having lunch she did notice that the sprinklers were operating and that her car was getting wet; that after having lunch she waited until her daughter-in-law got off from work; that, thereafter, as she was returning to her car, she did notice the sprinkler in operation and the wetness of the pavement around her car (it was a revolving type sprinkler system); that the wetness came over to the back end of the car, and came out further than the back end; that she attempted to get in on the right side of the car and slipped and fell on the pavement and injured herself; that she had been to the Holiday Inn on other occasions, but had not walked in the water at the Holiday Inn before and had never been there when the sprinkler system had been on; that she knew blacktop tends to be slippery when it’s wet; and, that she .had an uneasy feeling as she went into the watered area.
The affidavit of Una Mae Clark discloses that another automobile was not parked immediately to the right of appellant’s car.
The appellee contends that the appellant was guilty of contributory negligence as a matter of law and that the ruling of the trial court should be sustained. In support of this contention the appellee strongly urges the law pronounced in the case of Chambers v. Southern Wholesale, Inc., *251 Fla.1956, 92 So.2d 188; reh. den. Feb. 7, 1957, as controlling in the case sub judice. We believe the cited case is distinguishable on facts. The facts therein show the weather was dry and that a small puddle of water was on the sidewalk which the appellant therein could have easily avoided by simply walking around it. It clearly appears from the record here that the water was all around the appellant’s vehicle; the appellant, therefore, had no alternative but to walk across it in returning to her car. Compare Rosenberg v. Bank of Commerce, Fla.App.1971, 256 So.2d 17, wherein the plaintiff, a tenant, had no alternative but to walk down the wet ramp in returning to his apartment in the premises after taking a sauna bath.
In the case of McRae v. Winn Dixie Stores, Inc., Fla.App. 1969, 227 So.2d 214, the defendant contended that inasmuch as the ramp was clearly visible plaintiff was negligent in failing to avoid his fall. Ap-pellee, here, so contends. The court in the cited case held:
“ . . . Our rule has long been that visibility of a danger does not necessarily establish contributory negligence. City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278. The question is always whether or not a plaintiff used due care under all of the circumstances, and this is ordinarily an issue for the jury. . . ."
It is the well-settled law of summary judgment that the burden falls upon mov-ant to prove the absence of any genuine issue of fact. See Holl v. Talcott, Fla.1966, 191 So.2d 40. We do not believe that the appellee met this burden as, in our opinion, the testimony adduced in the deposition of Marie Bryant, and the affidavit of the witness Una Mae Clark do not demonstrate conclusively that the questions of the negligence of the appellee and the contributory negligence of Marie Bryant should be decided as a matter of law. We believe the evidence is reasonably acceptable of conflicting inferences.
After careful consideration of the record, the briefs of the parties, oral argument of counsel for the parties, and applicable case law, we find that triable issues of negligence and contributory negligence do exist and that it was error for the trial judge to hold otherwise — the question of appellant’s exercise of due care and caution for her safety presents a debatable question, albeit barely so.
Therefore, the summary judgment appealed is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
McNULTY, A. C. J., and WALKER, DAVID SETH, Associate Judge, concur.