DAYTON, Associate Justice.
Appellant, Miss Annette Gonet, plaintiff below, brought suit in the Circuit Court for Dade County against appellee, Evans, defendant below, for damages for personal injuries alleged to have occurred due to the negligence of Evans. The trial Court granted a motion for directed verdict made by defendant at the conclusion of the presentation of the plaintiff’s case. Final judgment was entered thereon, from which this appeal is taken.
Appellant was a tenant of Evans, having lived with her sister for a period of four months in a second floor apartment in an apartment house owned by appellee. The tenancy was on a month to month basis and had been renewed at the end of each monthly period.
The apartment house had a front stairway as well as a back stairway, the latter being outside the building and exposed to tlje weather. Appellant customarily used the back stairway several times each day during the time she was a tenant in the building.
The back stairway was so constructed that it had steps and landings, and on each landing the appellee landlord had placed a rubber mat. The rubber mat in question was not fastened to the landing, which fact was known to appellant. The stairway was sometimes dirty and had grease spots on it as the result of carelessness on the part of tenants in carrying their garbage downstairs. This condition was also known to appellant. On the morning of September 23, 1951, rain having fallen during the previous night, appellant, while descending the back stairway, as she had done several hundred times during her tenancy, stepped on the rubber mat. The mat slipped from beneath her feet, causing her to fall and sustain injuries.
There was no evidence of any structural defect in the stairway, nor was there any evidence of any defective condition of the rubber mat. The record contains no indication that grease spots or foreign substance on the stairway contributed in any way to her injury.
The record clearly shows, however, that the knowledge of appellant as to the condition of the stairway was equal to that of the landlord and that appellant, nevertheless, had renewed her lease at the end of each rental period. Butler v. Maney, 146 Fla. 33, 200 So. 226.
Knowing that the stairway was wet and that the rubber mat was not fastened to the landing, appellant chose to descend by way of the back stairway in its then condition instead of using the front stairway which was available to her. It does not appear to us, therefore, that her injury was proximately caused by the negligence of appellee. Atlantic Terrace Co. v. Rosen, Fla., 56 So.2d 444.
The judgment of the lower Court is affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.