PEARSON, Judge.
This is an appeal from a summary final judgment for the defendant entered upon the complaint, answer, defendant’s responses to request for admissions and deposition of the plaintiff. The judgment contained a statement that the plaintiff was guilty of contributory negligence as a matter of law.
The factual circumstances were as follows: The defendant operated a hotel in Miami Beach, Florida, which operation included the renting of docking facilities. Certain space for the docking of vessels was rented to the Hoover Vacuum Co., which company had a yacht, the Ionic, moored at the defendant’s dock. The plaintiff was employed as a crew member on the yacht. On the evening of April 6, 1958, having completed his day’s work on the Ionic, he was proceeding with a fellow crewman across the defendant’s premises in order to reach the public streét. Defendant had provided several footpaths for the ingress and egress of those who used the docks. Across the cemented footpath which the plaintiff took on the night in question, defendant had placed a chain, which was hung between stakes and which sagged to within approximately six to eight inches from the ground. The chain was removable but on the night in question, it was kept in place by means of a lock, the key to which was in the possession of the defendant. The plaintiff while walking upon this unlighted footpath, tripped over the extended chain and fell to the ground injuring himself. The plaintiff had seen the chain extended across the pathway on numerous occasions previously but only during daylight hours. He had never travelled this particular footpath during the nighttime.
The appellant-plaintiff does not question the fact that the summary judgment was based upon a statement of facts without genuine issue as to those facts. He urges that the court committed error in finding that he was guilty of contributory negligence as a matter of law, because the finding was based upon inferences from facts which were susceptible to other inferences, which, if accepted, would indicate due care by the plaintiff. First, it is urged that the fact that the plaintiff had seen the obstruction in question on between 12 to 15 occasions, did not render him negligent when he proceeded as though it were not there, because a jury could have inferred that the plaintiff believed the obstruction was taken down at night leaving the pathway free from danger. However, the record contains the testimony of the plaintiff upon deposition that he simply forgot about the chain which was the obstruction causing his injury. One who is thoroughly familiar with a route and the obstruction therein, as this plaintiff testified he was, cannot be said to be relieved of his own negligence in proceeding along that route at night merely because he had a lapse of memory. Thus, where a person proceeds while aware of darkness and is injured by an encounter with the very impediment which he knew or should have known existed, he is guilty of contributory negligence as a matter of law. Brant v. Van Zandt, Fla. 1954, 77 So.2d 858; Breau v. Whitmore, Fla.1952, 59 So.2d 748.
It is next suggested that the plaintiff was entitled to an inference that he *209 believed that the chain had been taken down because he knew of at least one other occasion when a person had been injured by the chain and that he therefore might presume that the defendant had taken the chain down as a safety measure. This inference could not be made by a jury because of the plaintiff’s testimony on deposition, above noted. Having determined that the plaintiff was conclusively shown to be guilty of contributory negligence as a matter of law by the facts established without genuine issue, the summary judgment based thereon is affirmed.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.