135 So.2d 6 (1961)
FOOD FAIR STORES, NORTH DADE, INC., a corporation, Appellant,
v.
Charles P. WINKELMANN, Appellees.
Milton McBroom, d/b/a Bally Kiddie Rides and Games, Appellant,
v.
Charles P. WINKELMANN, Appellee.
J.M. ST. PIERRE, Appellant,
v.
Charles P. WINKELMANN, Appellee.
Nos. 60-626, 60-629, 60-630.
District Court of Appeal of Florida. Third District.
October 30, 1961.
Rehearing Denied December 14, 1961.
Dean, Adams, Fischer & Gautier, Miami, for Food Fair Stores.
Ward & Ward, Miami, for Milton McBroom.
Blackwell, Walker & Gray and Paul R. Larkin, Jr., Miami, for J.M. St. Pierre.
Nichols, Gaither, Beckham, Colson & Spence, Miami, and Alan R. Schwartz, Miami Beach, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
Pursuant to a prior order of this court, the above causes were consolidated for the purpose of oral argument. All three of *7 the appellants appeal from a final judgment rendered in a personal injury action upon a jury verdict in favor of the appellee-plaintiff. The appellants were defendants in the trial court. The record reveals the following circumstances surrounding the injury to the plaintiff:
The plaintiff had driven his wife to a food store operated by Food Fair Stores and had parked his automobile in a lot provided for patrons of the store. His wife had proceeded into the store to make her purchases. While the plaintiff was sitting in his automobile, waiting for his wife to complete her purchases, he observed a small child sitting on an electrically operated hobby horse on the sidewalk adjacent to the store building. The electric hobby horse was an amusement device, electrically operated upon the deposit of a ten-cent coin in a coin box. The horse is mounted on a box or pedestal approximately six feet in length and twenty-four inches wide; that an electric cord runs from the rear of the box or pedestal to an appropriate outlet in the side of the store building. The coin box is affixed to the front of the pedestal on the right of any rider of the horse. The coin slot, wherein the ten-cent piece is to be inserted, faces to the rear of the hobby horse in order that any prospective rider can insert a coin after mounting the amusement device. The box or pedestal was positioned parallel to the wall of the store building in such fashion that the coin box was between the hobby horse and the wall, and the rear of the box or pedestal was supposed to be positioned in such fashion that the persons could not walk between the amusement device and the building.
On the day of the injury to the plaintiff, the amusement device was sufficiently out from the building to permit the plaintiff (when he determined to activate the machine in order to provide a ride for a youngster who was on the hobby horse) room to walk between the pedestal and the wall. He approached the horse and the coin box from the rear, in order to determine the amount of coin necessary to be inserted in the slot. After learning that a ten-cent piece was the necessary coin, he inserted same; the hobby horse immediately became activated (moving up and down) and the plaintiff then proceeded on ahead, when he tripped and fell over the electric cord which ran between the machine and the wall. The plaintiff testified that he did not see the cord and explained his failure to observe same on the fact that he was attracted to the side of the machine for the purpose of inserting a coin in the coin box.
Following the injury, the plaintiff brought his complaint against the three defendants, and the evidence disclosed their relationship to the amusement device to be the following: The defendant, McBroom, was the conditional vendor of the amusement device; that prior to the date of the accident he had sold it to the defendant, St. Pierre, who was the conditional vendee. That the defendant, St. Pierre, as the conditional vendee, supervised the operation of the amusement device upon the premises of the defendant, Food Fair Stores, upon an arrangement wherein Food Fair Stores shared in the profits earned by the amusement device. Food Fair Stores, through its agents, emptied the coin box periodically and caused the premises surrounding the amusement device to be cleaned up and the evidence was such that the jury could have reasonably found that both St. Pierre and Food Fair Stores, at various times, repositioned the amusement device so that the rear of the hobby horse was situated in such a fashion that it was impossible for a person to walk between the amusement device and the wall. It appears that the vibration of the amusement device, while in operation, caused it to move out from its placed location.
The defendants, after denying liability, pled the affirmative defense of contributory negligence and urge on this appeal that the trial court should have directed a verdict for each of them at the conclusion of the evidence.
*8 The record fails to establish sufficient control over the amusement device subsequent to its sale by the conditional vendor to hold him liable for the negligent act alleged. All he held was bare legal title as security for the balance of the purchase price. Therefore, the trial court should have directed a verdict for the defendant, McBroom. See Cox Motor Company v. Faber, Fla.App. 1959, 113 So.2d 771; Palmer v. R.S. Evans, Jacksonville, Inc., Fla. 1955, 81 So.2d 635.
There is sufficient, competent evidence for the jury to have found that the defendants, St. Pierre and Food Fair Stores, were negligent in and about the placement for operation of the amusement device. By the very nature of the positioning of the box or pedestal, a prospective patron, in order to operate the electric hobby horse, was required to do either as the plaintiff did; go between the hobby horse and the building in order to approach the coin slot where he could see it, or he was required to approach the coin box from the rear and lean over it in order to insert the required coin. It was certainly reasonable for the plaintiff to approach the coin box in the manner in which he did. It would have been a simple matter for the defendants, St. Pierre and Food Fair Stores, to have positioned the hobby horse in such fashion so that the left side, instead of the right, was adjacent to the wall of the building and, therefore, there would have been no reason or attraction to cause the plaintiff to go between the amusement device and the building. See Deane v. Johnston, Fla. 1958, 104 So.2d 3, 65 A.L.R.2d 957. Having seen fit to adopt the former course in positioning the amusement device, they did not use reasonable care in notifying the prospective patron, who would be a business invitee, of the danger inherent in an electric cord lying loose on the sidewalk.
The defendants, St. Pierre and Food Fair Stores, urge that notwithstanding their own negligence, if any, the plaintiff was guilty of contributory negligence as a matter of law and the trial court should have directed a verdict upon this defense. The evidence fails to sustain this position. Contributory negligence is normally a question for the jury, and only when there is no basis upon which a plaintiff should be permitted to recover by virtue of his own negligence is a court justified in taking a cause from the jury on a plea of contributory negligence. See Fendrick et al. v. Faeges, Fla.App. 1960, 117 So.2d 858; Food Fair Stores of Florida, Inc., v. Moroni et al., Fla.App. 1958, 113 So.2d 275; Sunday v. Ikinson, Fla.App. 1958, 103 So.2d 669; Dempsey-Vanderbilt Hotel, Inc., v. Huisman, 153 Fla. 800, 15 So.2d 903.
The appellate courts of this State have many times held that the mere fact that the injured party could have seen the dangerous condition if he had looked down this would not, in and of itself, constitute a complete bar to his action on the plea of contributory negligence, and if such were the case no such cause would be permitted to go to a jury. See Purdon et al. v. Cohen, Fla.App. 1961, 126 So.2d 575; City of Jacksonville v. Stokes et al., Fla. 1954, 74 So.2d 278. Therefore, we hold that the court did not err in submitting the cause to the jury upon appropriate instructions, including a charge of contributory negligence, as to the defendants, St. Pierre and Food Fair Stores, and the final judgment in respect to these two defendants is affirmed. But this cause is reversed as to the defendant, McBroom, with instructions to grant the post-trial motion for directed verdict.
Affirmed in part; reversed in part, and remanded for further proceedings consistent with this opinion.

On Petition for Rehearing
PER CURIAM.
The petition for rehearing filed on behalf of the appellant, Food Fair Stores, North Dade, Inc., points to numerous statements in the filed opinion in this case, and contends they "are not supported by the *9 record on appeal". For the reason that we would wish to correct such errors if they occurred, as well as because of the gravity and implications of such a contention, the extensive record in this case has been reexamined, and we have determined it amply supports the factual matters set forth in our opinion. Therefore, the petition for rehearing is denied.