PER CURIAM.
The plaintiff in a personal injury action appeals a summary final judgment for the defendant. Upon this appeal, we must consider the evidentiary facts presented in the light most favorable to the party moved against who is the appellant here, and such party is entitled to the benefit of all reasonable inferences which may be drawn from the evidence. Clark v. City of Atlantic Beach, Fla.App.1960, 124 So. 2d 305.
The plaintiff-appellant-wife was a visitor at the Waikiki Motel. In walking to the beach she crossed a shuffleboard playing area and fell over a 2 x 4 piece of lumber which was fastened to the cement to act as a divider between two courts. This divider was painted black as were the other markings on the shuffleboard courts.
The record’ fails to indicate that the route’ taken by the plaintiff was one upon which traffic should not have been reasonably anticipated;' therefore, the jury could have found that- the 'obstruction as painted constituted a trap. The judgment must be reversed upon authority of the rule stated in Goldstein v. Great Atlantic & Pacific Tea Co., Fla.App.1962, 142 So.2d 115.
The question of contributory negligence is for the jury under the rule stated in City of Jacksonville v. Stokes, Fla.1954, 74 So. 2d 278. The judgment is reversed and the cause remanded for further proceedings.
Reversed.