CROSS, Judge.
Appellants (plaintiffs) appeal from a final judgment entered in favor of the ap-pellees (defendants) in a suit involving the right to possession of a parcel of land.
The suit was tried before a jury and resulted in a verdict for the appellants. Notwithstanding the verdict the court set it aside and entered judgment for the appel-lees. Hence this appeal.
The entry of a judgment non ob-stante veredicto should be tested by the rules applicable to motions for directed verdicts, for such a judgment is essentially an order granting a motion for a directed verdict made during a trial except that the judgment is made after the jury has returned the verdict. It should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence.
In Ramsey v. Ivey, Fla.App.1966, 184 So.2d 499, this court adopted the language quoted in Budgen v. Brady, Fla.App.1958, 103 So.2d 672, stating:
“The rule governing directed verdicts, the application of which will be disposi-tive of this appeal, is ‘that if no evidence is introduced upon which the jury may lawfully find a verdict for one party, the jury may be directed to find for the opposite party. Where there is some substantial evidence to support a verdict for one party, a directed verdict for the other party should not be granted merely because a preponderance of the evidence favors the movant. Furthermore, a party who moves for a directed verdict admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. And, when there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might reasonably be drawn from conceded facts, the court should submit the case to the jury for its finding. It is the jury’s conclusion that should prevail in such case, and not the views of the judge.’ Budgen v. Brady, Fla.App.1958, 103 So. 2d 672. See also Ahearn v. Florida Power and Light Company, Fla.App.1961, 129 So.2d 457.”
The question presented for our determination is whether the testimony proffered by the plaintiffs at the trial was essentially so devoid of probative evidence that the jury could not as a matter of law find a verdict for the plaintiffs.
Reviewing the testimony in the case sub judice conclusively establishes the evidence was conflicting as to the right of possession. It is not the function of a trial court or an appellate court to substitute its judgment for that of the jury on disputed questions of fact. As was once said by the late Justice Terrell, “In our view the composite determination of a jury of laymen in a matter of this kind is the most satisfactory method the wit of men has ever devised for ferreting out the truth of such controversies. They are keen analysts of evidence. They are not subsumed by the quibbles and window-dressing of procedure. They are actuated rather by a sense of justice and fairness and when let alone will invariably arrive at a righteous result.”
Accordingly, the plaintiffs’ case was not essentially devoid of probative evidence, and we determine there was sub *109 stantial competent evidence to support the verdict and the trial court erred in upsetting the verdict and unlawfully encroached upon the jury’s exclusive function as the trier of the facts. The cause is reversed and remanded with directions to reinstate the jury verdict and to enter a judgment for the plaintiffs in accordance therewith.
Reversed and remanded with directions.
WALDEN, C. J., and LOPEZ, AQUIL-INO, Jr., Associate Judge, concur.