HOBSON, Judge.
Appellant, plaintiff below, appeals from the entry of a final order and judgment dismissing with prejudice the amended complaint filed against defendant-appellee. The trial court held that plaintiff’s amended complaint failed to state a cause of action and plaintiff declined to plead further.
Plaintiff was a business invitee of the defendant. Upon returning to her room in the defendant’s motel, plaintiff entered a parking lot and space adjacent to the motel provided for parking. The curbing which separated the parking lot from a covered walkway ranged in height from four inches at its westerly terminal to a height of approximately thirteen inches at the easterly end. At the midpoint and at the location of the plaintiff’s fall, the curb was approximately 7% inches in height. The accident occurred in the early evening hours and it was alleged to be after dark. While defendant had lights above the doorway, which were burning at the time of the accident, it was alleged that said lights were inadequate.
The plaintiff parked her car one foot from the curb, alighted from her automobile and proceeded to remove some articles from the rear seat of the car. As plaintiff started toward her room it is alleged that plaintiff misjudged the height of the curb and stumbled over it, hitting her head on an air conditioning unit affixed to the outside of a motel room.
Plaintiff's complaint, among other things, alleges negligence in failing to adequately illuminate the area in such a manner to show the true size, shape and height of the curbing. Further, as to the illumination, the complaint alleged “ * * * the lights thus provided caused shadows to be thrown over the sidewalk, parking space and curbing which shadows actually hid and disguised the true shape, size, and elevation of the curbing * * Plaintiff also alleges the parking area as it existed constituted a trap and defendant failed to warn her of this hidden condition. Specifically, plaintiff alleged that the parking space was so constructed that one alighting from his automobile is misled as to the size, shape and height of the curbing. Plaintiff attached to her complaint a photograph clearly depicting the parking space, curbing and surrounding area.
Defendant filed a motion to dismiss plaintiff’s amended complaint, alleging insufficient facts to show negligence on the part of the defendant and further pleading plaintiff’s contributory negligence as shown in the amended complaint. The trial court granted defendant’s motion to dismiss, stating plaintiff had failed to state a cause of action.
There is little doubt that plaintiff was an invitee of defendant’s place of business. As such, defendant owed plaintiff the duty of keeping its premises in a reasonably safe condition and to guard plaintiff against dangers of which defendant was cognizant or might reasonably have foreseen. McNulty v. Hurley, Fla. 1957, 97 So.2d 185. Further, at this stage of the proceedings the judge must treat all allegations which are well plead as being true. Therefore, under the allegations of the amended complaint, it must be assumed that the defendant knew or should have known of the alleged dangers involved in the construction and the lighting in the area in question. It must be remembered that the defendant had filed no pleadings other than its motion to dismiss. To state a cause of action for negligence plaintiff need only allege sufficient facts or omissions causing the injury and at the same *317 time aver that they were negligently done or omitted. 23 Fla.Jur. Negligence, § 104.
Plaintiff’s amended complaint alleged acts of negligence on the part of the defendant; that the defendant knew or should have known that the alleged defects existed; that the plaintiff was injured; that such injuries proximately and directly resulted from the negligent acts of the defendant; and the status of the parties at the time of the occurrence of the injury.
In consideration of the above, after a careful study of plaintiff’s amended complaint we are of the view that the pleadings set forth a cause of action for negligence and show the existence of a fact issue as to whether defendant breached its duty owed to the plaintiff.
The trial court’s order dismissing the amended complaint with prejudice did so on the ground “ * * * that the amended complaint, as further amended, fails to state a cause of action against the defendant * * Although the trial court dismissed the amended complaint with prejudice on the ground that it did not allege negligence on the part of the defendant, the appellee’s brief deals ' solely with the question of whether or not the amended complaint shows on its face that the plaintiff was guilty of contributory negligence as a matter of law.
Assuming that the trial court dismissed the amended complaint with prejudice on the ground as contended by the appellee, to-wit: contributory negligence as a matter of law on the part of the plaintiff as shown on the face of the amended complaint, we must, nevertheless, reverse the trial court’s order and judgment of dismissal under the law as set forth in Miceli v. Lifter, Fla.App.1964, 161 So.2d 253, and City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278.
Reversed.
LILES, C. J., and LANE, A. H„ Associate Judge, concur.