WIGGINTON, Chief Judge.
Plaintiffs have appealed a final judgment rendered upon a verdict directed by the court in favor of defendant at the conclusion of plaintiffs’ evidence. It is contended that the evidence adduced at the trial on behalf of the plaintiffs was sufficient to establish a prima facie case of negligence as alleged in the complaint, and that the court erred in withdrawing the case from the jury and directing a verdict for defendant.
The proof establishes that plaintiff wife, upon completing her shopping in defendant’s food store, checked her purchases at the check-out counter and then proceeded toward the front door of the building preparatory to leaving the premises. At the end of the aisle which terminated at the end of the check-out counter, plaintiff wife tripped over a piece of heavy cardboard which had originally been used as a divider in a cardboard box in which quart bottles of mayonnaise had been packaged. The cardboard divider was placed on a low level platform beneath a display of large bags containing charcoal, and extended several inches out into the aisle in which plaintiff was required to walk in order to leave the store. Plaintiff testified that her ankle struck the cardboard divider at a distance of only a few inches above the floor, causing her to trip and fall which resulted in the injuries for which she claims damages.
Defendant’s store manager was called as an adverse witness and testified in response to direct examination by plaintiffs’ counsel. In his testimony the manager stated that empty cardboard boxes were normally deposited in the front of the store near the check-out counter for use by the bag boys and customers in packaging purchases. He stated that it was his understanding that plaintiff tripped over a cardboard mayonnaise box which had been placed on the low level platform near the aisle. He testified that such empty boxes were brought to the front of the store by company employees but that he did not know which of the employees brought to the front of the store the mayonnaise box over which plaintiff tripped, or placed it on the platform where it was left to protrude several inches into the aisle. On cross-examination by defendant’s counsel the manager stated he was not positive that the cardboard box was placed on the platform by one of his employees, but that it possibly could have been placed there by someone else.
By its answer defendant pleaded general denial and contributory negligence.
It is our view of the evidence that the jury could reasonably have concluded that defendant, by its employees, placed either the cardboard divider or the cardboard box on the display platform in such position as to permit it to protrude several inches out in the aisle where customers were required to walk after leaving the check-out counter in order to reach the front entrance to the store; that the cardboard divider or box was positioned so close to the floor as to not be readily discernible to a customer having no obligation to closely scrutinize the aisle in order to detect and avoid such an unexpected hazard; that the protruding box created a *285 dangerous condition resulting from the negligence of defendant which proximately caused the injuries suffered by plaintiffs for which they claim damages.[1] Whether plaintiff wife was guilty of contributory negligence in failing to observe and avoid the obstruction in the aisle where she was required to walk was a question to be resolved by the jury and not by the court.[2]
It is our view that the evidence made out a prima facie case of liability as alleged in the complaint, and that the court erred in directing a verdict in favor of defendant. The judgment appealed is accordingly reversed and the cause remanded for a new trial.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Food Fair Stores, Inc. v. Trusell, (Fla.1961) 131 So.2d 730.

. Conwell v. Zayre of Miami, Inc., (Fla.App.1964) 161 So.2d 537; McDermott v. Engstrom, (Fla.1955) 81 So.2d 553; Brisson v. W. T. Grant Company, (Fla.1955) 79 So.2d 771.