MANN, Judge.
On October 22, 1962 appellant was injured. His fourth amended complaint against the Hillsborough County Aviation Authority was dismissed and he filed his notice of appeal on February 2, 1965. On March 25, 1966 the appeal was argued in this court. Prior to that date the appellant’s counsel had consented to four extensions of time as a courtesy to appellee’s counsel. On November 30, 1966, the opinion of this court was filed, holding that the complaint was indeed defective, but curably so, and that the fourth amended complaint should have been dismissed without prejudice, 193 So.2d 201. By that time the statute of limitations had run. The order of the Circuit Court entered on the mandate vacated the order dismissing the fourth amended complaint with prejudice and dismissed it without prejudice without allowing leave to amend. The appellant now wonders whether he has won a hollow victory in this court. We cannot suffer the rights of this appellant to allege a cause of action under the law laid down in the prior opinion to be defeated by the courtesy of his counsel, this court’s delay and the trial court’s strict construction of the mandate. Where the statutory period has elapsed during the appellate process through no fault of the plaintiff’s he should be allowed leave to amend.
Reversed and remanded with directions to vacate the order of March 10, 1967 and enter an order dismissing the fourth amended complaint without prejudice and allowing the plaintiff twenty days from the date of the order entered on the mandate herein within which to file an amended complaint alleging a cause of action under the rule laid down at 193 So.2d 201 et seq., if plaintiff chooses so to plead.
LILES, C. J., and HOBSON, J., concur.