JOHNSON, Judge.
This is an appeal from a final judgment based upon a jury verdict in favor of the plaintiff in an action for damages arising out of alleged negligence of the defendant, appellants herein, in the maintenance of its premises.
It appears that three elderly ladies, sisters, had lunched at Morrison Cafeteria in Pensacola and had ascended the stairway to the second floor of the building in which the cafeteria was located, to go to the ladies rest room. On their way back down stairs, one of the sisters tripped and fell down the stairs from approximately half way down, the exact distance being somewhat in doubt, and as a result of this fall died about two months later without ever regaining consciousness. The appellee, as administratrix of the estate of her deceased sister, brought this action.
The amended complaint, as amended, alleges as the cause of action that “ * * * the defendants carelessly and negligently maintained its premises in an unsafe and defective condition * * * and because of this unsafe and defective condition, the said Ethel Q. Gorman fell down the stairway * * * and sustained serious injuries and, as a result of these injuries * * * died * * * ”
The plaintiff offered in evidence, which was received over the objection of the defendants, the National Building Code of 1955, with testimony of alleged experts as to the requirements thereof as found in Section 604 thereof, as well as Chapter 8 of the Municipal Code of Pensacola, which had by reference adopted the 1955 National Building Code.
The evidence is undisputed that the building in question was constructed many years prior to the adoption of the above mentioned codes.
In view of this fact, it appears to us that Section 1706.3 of the National Building Code was the only applicable section to the building in question and any evidence or testimony relative to Section 604 of said Code, which pertained to new construction was immaterial, improper and tended to confuse the jury. It was error to permit this evidence to go to the jury.
*493 The testimony of the appellee is that her sister “ * * * caught her heel and she just turned over a complete somersault * * * ” In her1 deposition, she stated: “I was at the top and she was about, I imagine, about the third step in front of me and she tripped, got her heel caught, and she rolled down.”
The defendants had been permitted to amend their defense by charging the deceased with contributory negligence. At the conclusion of the case, the trial court granted the plaintiff a directed verdict as to the contributory negligence, based on the fact that the defendants had not shown contributory negligence.
The appellee’s own testimony that her sister tripped and fell, or caught her heel, is indicative of the possibility of carelessness on her part, which we think raises a jury question. She did attribute the cause of tripping to the fault of the stairs. It was therefore error in removing this question from the jury.
The trial court instructed the jury to the effect that certain laws and ordinances had been introduced in evidence pertaining to certain building requirements and building codes and that “violation of any of these laws or ordinances is negligence.” We cannot agree that this is a correct statement of the law. At most, it is only prima facie evidence of the negligence, but the more serious error committed in this instruction is the fact that all the codes introduced in evidence were not applicable to the building in question. This building in question here had been in existence long before the Code of 1955 or the Municipal Code were adopted, and the building inspector of the City of Pensacola had inspected the same and found no violation of the Code, and had so testified. Therefore to charge indiscriminately that a violation of the Code constituted negligence, was reversible error.
For the reasons stated supra, we feel and so hold, that the trial court committed error in the areas above listed and in not setting aside the verdict and granting a new trial. The judgment appealed from is therefore reversed and set aside and this cause remanded for a new trial consistent with the applicable principles enumerated herein.
Reversed and remanded.
WIGGINTON, C. J., and SPECTOR, J., concur.