220 So.2d 680 (1969)
WINN-DIXIE STORES, INC., Appellant,
v.
Rufus E. MILLER and Ethel Miller, His Wife, Appellees.
No. 1898.
District Court of Appeal of Florida. Fourth District.
April 1, 1969.
*681 John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Wallis E. Schulle, of Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellees.
REED, Judge.
Winn-Dixie Stores, Inc., the defendant in the trial court, appeals from a final judgment entered by the Circuit Court for Palm Beach County, Florida, in favor of the plaintiffs, Rufus E. Miller and Ethel Miller, his wife. Their complaint charged that the defendant negligently placed on the floor of one of its supermarkets a low box or shelf with the result that Mrs. Miller fell over the box and received injuries. The answer denied negligence and asserted contributory negligence.
At the trial the defendant moved for a directed verdict. The trial judge denied the motion and submitted the issues to the jury which returned a verdict for the plaintiffs. The defendant made a post-trial motion to set aside the judgment and for a judgment in accordance with its previous motion for directed verdict. The post-trial motion was denied and the final judgment was entered.
The issue on this appeal is whether or not the trial court erred in denying the motion for a directed verdict and the post-trial motion for a judgment notwithstanding the verdict.
The rules which govern a motion for judgment notwithstanding the verdict are substantially the same as those which apply to a motion for directed verdict. Hendricks v. Dailey, Fla. 1968, 208 So.2d 101. The trial court may grant a directed verdict only where under no view of the evidence which the jury might lawfully take the opponent of the motion could prevail. In passing on a motion for a directed verdict the trial court must resolve all conflicts in the evidence in favor of the opponent and view the evidence and reasonable inferences therefrom in the light most favorable to the opponent. Wilson v. Bailey-Lewis-Williams, Inc., Fla.App. 1967, 194 So.2d 293; Cutchins v. Seaboard Air Line Railroad Company, Fla. 1958, 101 So.2d 857.
The record, when considered in accordance with these principles, indicates that the defendant maintained on the floor of one of its supermarkets rectangular platforms which supported shelving used to display merchandise. These structures called "gondolas" were arranged so that their longer sides ran in an east-west direction. The gondolas were approximately five feet high and five feet wide. Against the west end of one of the gondolas was a separate display of pet supplies. This display was placed on a rack and a detached box. The rack was over five feet high. The box was immediately north of the rack. It was blue or grey in color and constructed of plywood. It was in the shape of a cube with eighteen inch dimensions. The box was used to support bags of a product known as "Kitty Litter". The combined width of the box and the rack did not exceed the width of the gondola. One of the defendant's suppliers placed this display in the store several years before the accident. The location of the display was approved by the manager of the store who was aware of the location of the display from the time of its installation. On the day of the accident Mrs. Miller, while looking for some muffin mix, walked around the west end of the gondola in a clockwise direction. She failed to see the plywood box and struck it with her right knee. She fell over the box and landed in the aisle to the north of the gondola. There was no evidence to indicate that the box, before the accident, was in any position other than that which it normally occupied against the northwest corner of the gondola. The evidence does indicate, however, that at the time of the accident there was little or no merchandise on the top of the box.
*682 A storekeeper is under a duty to his customers to use ordinary care to maintain his premises in a reasonably safe condition. Food Fair Stores of Florida, Inc. v. Vallarelli, Fla.App. 1958, 101 So.2d 161; Walker v. Feltman, Fla.App. 1959, 111 So.2d 76; Schatz v. 7-Eleven, Inc., Fla.App. 1961, 128 So.2d 901. A violation of this duty may be found where the storekeeper creates a dangerous condition on his premises or permits one to exist after he has actual or constructive notice of it and a reasonable time in which to correct it. Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5.
The jury reasonably could have determined that the position and condition of the box at and prior to the time of the accident were known to employees of the defendant who were continually circulating throughout the store. The difficult question is whether under any view of the evidence which the jury might lawfully have taken, it could have concluded that the box, positioned as it was, constituted a dangerous condition. The question is a close one, but we think it should be answered in the affirmative. The box was considerably lower than the gondola and the adjacent rack. It was, therefore, partially hidden from the view of a person moving as did the plaintiff around the west end of the gondola. Additionally, the condition was permitted by the defendant to exist in an area of its store where it should reasonably have expected a customer's vision to be diverted away from the floor. The display shelves on the gondolas were up to five feet high, and above the gondolas were signs hanging from the ceiling to guide the customers to the merchandise. Because of these factors, we conclude the jury was entitled to find that the box was a dangerous condition. The issue of negligence was thus properly submitted to the jury.
For the same reason the jury could have concluded that the box constituted a dangerous condition, the jury likewise could have concluded that the plaintiff was not contributorily negligent in failing to see the box. Compare McHargue v. Great Atlantic & Pacific Tea Company, Inc., Fla.App. 1968, 209 So.2d 283. The case relied on by the defendant, Frederich's Market, Inc. v. Knox, Fla. 1953, 66 So.2d 251, is sufficiently distinguishable on its facts that it is not controlling.
In our opinion the trial court committed no error in denying the motion for directed verdict and the motion for a judgment notwithstanding the verdict. The judgment appealed from is affirmed.
Affirmed.
CROSS and McCAIN, JJ., concur.