WALDEN, Judge.
This is a slip and fall case. The trial court entered a directed verdict in favor of defendant. The plaintiffs being aggrieved appeal from the resulting final judgment. We reverse.
We acknowledge at the outset that no new or unusual legal proposition is involved and that this writing is merely an explanation for the use of these litigants and the trial court.
We know that a party moving for a directed verdict admits for the purpose of the motion not only the facts shown by the evidence, but also every reasonable inference favorable to the adverse party that the jury might fairly arrive at from the evidence. In other words, in such case the evidence and all reasonable inferences deducible therefrom must be viewed in a light most favorable to the party moved against. Applying this rule and recognizing the other limitations upon the trial court in directing a verdict,[1] we conclude that the trial court erroneously withdrew this case from the jury. Resolving the conflict in plaintiffs’ favor, there was sufficient evidence produced which would create a jury question as to the improper maintenance which created a dangerous condition upon defendant’s floor, which caused plaintiff’s wife to slip and fall.[2] This testimony is found in the record and discussed in the *464 briefs and we feel that no purpose would be served in restating it here.
The judgment appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
McCAIN and OWEN, JJ., concur.

. See 32 Fla.Jur., Trial, § 83 et seq.

. Fritts v. Collins, Fla.App.1962, 144 So. 2d 850; Ladenson v. Eder, Fla.1967, 195 So.2d 211.