McCAIN, Judge.
Plaintiff fell on defendant’s premises sustaining personal injury. His complaint charged that the defendant negligently constructed or maintained a cart ramp in the walk in front of its store. Defendant denied negligence and pleaded plaintiff’s contributory negligence as a bar. Upon a jury trial, the court reserved ruling on defendant’s motions for directed verdict, but after the jury returned a verdict for the plaintiff, the court entered final judgment for defendant the same date, finding that defendant’s motions for directed verdict should be granted, that the verdict as rendered was contrary to the law and the evidence, and that the plaintiff was guilty of contributory negligence as a matter of law.
We reverse.
The record establishes that on December 7, 1965, at about 7:00 A.M., when it was just getting daylight, plaintiff parked his bread delivery truck in front of defendant’s store and went inside to find out what was needed. His truck was so parked that its front door was directly opposite the edge of a shopping cart ramp that had been cut into the walkway in front of the store. The edges of the cut away portion were vertical rather than rounded or gradually sloped toward the ramp. Plaintiff returned to the truck, filled his bread box and stepped out. As he did his foot landed on the ramp edge and turned or rolled, causing him to fall and be injured. It was plaintiff’s first occasion to use this particular ramp for deliveries inasmuch as he normally used a large ramp with sloped sides in front of the entrance to the store, which on this morning was blocked by other delivery vehicles. Plaintiff knew that several ramps were there but did not know that the edges of the cut away portion of the one in question were vertical rather than sloped.
The question this appeal presents for our consideration is whether or not reasonable men could have found for the plaintiff under the evidence.
Defendant contends that inasmuch as the ramp was clearly visible plaintiff was negligent in failing to avoid his fall. Our rule has long been that visibility of a danger does not necessarily establish contributory negligence. City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278. The question is always whether or not a plaintiff used due care under all of the circumstances, and this is ordinarily an issue for *216 the jury. Pensacola Greyhound Racing, Inc. v. Williams, Fla.App. 1967, 193 So.2d 628; Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla.App.1961, 135 So.2d 6.
For example where a supermarket patron fell when she stepped from the sidewalk into a parking lot at a point where the parking lot allegedly was defective, it was held that the question of her contributory negligence was for the jury. Hanson v. Shell’s City, Inc., Fla.App.1961, 133 So.2d 573. And where an invitee tripped over a magazine rack by which she had been standing for some time the appellate court recognized that the plaintiff came very close to being contributorily negligent as a matter of law. Yet the court affirmed the judgment for plaintiff and acknowledged the deference with which an appellate court will treat a jury’s decision in a close case. Winn-Dixie Stores, Inc. v. Holmes, Fla.App.1966, 190 So.2d 19.
Whether or not plaintiff exercised reasonable care for his own safety was a debatable question, albeit barely so. It therefore lay within the province of the jury for resolution.
In view of testimony that the ramp in question was constructed subsequent to the walkway and was not constructed in a workmanlike manner, the question of defendant’s negligence vel non was also for the jury’s resolution.
Accordingly the trial court’s final judgment for defendant is reversed and this cause is remanded with directions to reinstate the jury verdict for plaintiff.
WALDEN, J., concurs.
OWEN, J., dissents, with opinion.