**Robert P. STOKES, Plaintiff-Appellant,**

v.

**PEYTON'S INC., and Travco Plastics Company, Inc., Defendant-Appellees.**

No. 74–3290.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1976.

Rehearing and Rehearing En Banc Denied Feb. 26, 1976.

---

Foy R. Devine, Thomas J. Hughes, Jr., Atlanta, Ga., for plaintiff-appellant.

John A. Sherrill, J. Bruce Welch, William Q. Bird, Eugene G. Partain, Daniel M. Coursey, Jr., Atlanta, Ga., for Peyton, Inc.

Before BELL and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

Appellant brought a diversity action for damages arising from injuries sustained when he impaled his left eye upon a J-hook affixed to the outer edge of a display shelf in a SupeRx Drug Store

where he was employed as store manager. The injury occurred as Stokes bent over to assist a customer in locating certain merchandise. Although designed to promote impulse buying, the hook apparently held no merchandise at the time of the injury.

Stokes contends that Travco negligently designed the J-hook and that the product was not merchantable and reasonably suited to the use intended, asserting liability under Georgia Code Section 105–106. He further alleges that the merchandiser, Peyton's, Inc., had negligently selected, installed and maintained the J-hook. Action against the drug store was barred by the workmen's compensation statutes, Georgia Code Section 114–103. The trial court, after all the evidence had been presented by plaintiff and defendants, directed a verdict in favor of both defendants, having taken defendants' motions for directed verdict under advisement at the close of plaintiff's case.

Applying the standards of *Boeing Company v. Shipman,* 411 F.2d 365 (5th Cir. 1969), the motions for directed verdict in favor of defendants were properly granted under the circumstances of this case.[1] We agree with the trial judge that the facts and inferences point so strongly and overwhelmingly in favor of the defendants that reasonable men could not have arrived at a verdict contrary to that directed by the district court.

Appellant asserts that a jury of reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions on the issues of his exercise of ordinary care and the liability of Peyton's and Travco Plastics for their alleged negligence.

As to the ordinary care of appellant, Stokes admitted at trial that he simply did not see the hook, which had been installed approximately one month prior to the sustaining of the eye injury. The hooks had been in the store for some one hundred days, and Stokes, as store manager, had constructive, if not actual, knowledge of the presence of the hooks on the shelves. See *Barrow v. James,* 107 Ga.App. 377, 378, 130 S.E.2d 352 (1963). Nonetheless, appellant offered no explanation for his failure to see the hook. Ordinary care requires that one see and be aware of what is open and obvious, that is, to perceive that which would be obvious upon the ordinary use of one's senses. *Dvorak v. Holiday Inns of America, Inc.,* 429 F.2d 54 (5th Cir. 1970). The principle stated in *Dvorak,* which involved the application of Florida law, also reflects the Georgia law on this question. See *Holliday v. Mayor & Council of Athens,* 10 Ga.App. 709, 713, 74 S.E. 67 (1912) and *Slaughter v. Slaughter,* 122 Ga.App. 374, 177 S.E.2d 119, 122 (1970).

Under the circumstances of this case, Stokes had the burden of showing that he could not have seen the hook in the exercise of ordinary care. *Lane Drug Stores, Inc. v. Story,* 72 Ga.App. 886, 35 S.E.2d 472 (1945). Having failed to carry this burden, appellant could not recover. Georgia Code Section 105–603 provides that:

"If the plaintiff by ordinary care could have avoided the consequences to himself caused by defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

---

1. In *Boeing* we said: "On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. . . . A mere scintilla of evidence is insufficient to present a question for the jury." 411 F.2d at 374:

■ Assuming, *arguendo*, that appellant had exercised ordinary care for his own safety, the evidence as to the negligence of either defendant was insufficient to require consideration of this issue by the jury. In regard to the defendant, Peyton's, Inc., the record strongly and overwhelmingly indicates that Stokes was the very person charged with the duty to install and maintain the J-hook program. Any failures in this respect, such as failure to stock the hooks with merchandise or failure to attach red tips to the hooks, are attributable to Stokes and not to Peyton's, Inc. This is so notwithstanding the fact that a representative of Peyton's took the initiative to install the hooks when, after receipt of the hooks by the store, appellant failed to implement the J-hook program.

■ Although the evidence reflects that Peyton's did not participate in the selection of the J-hook in question, Peyton's would not be liable even if it had been involved in the selection process. As set forth in the case of *Lowe v. American Machine & Foundry Co. et al.*, 132 Ga.App. 572, 576–77, 208 S.E.2d 585, 588 (1974):

" . . 'It is the general rule that a vendor or dealer who is not the manufacturer, is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that, when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article, and in not placing upon the market a commodity which is defective and likely to inflict injury.' *King Hardware Co. v. Ennis*, 39 Ga.App. 355, 360, 147 S.E. 119, 121."

Thus, without regard to the negligence of appellant, the trial court could properly have entered a directed verdict in favor of Peyton's on the issue of its negligence.

■ With reference to the manufacturer, Travco Plastics, the appellant's argument is equally without merit. Although Georgia is now a strict liability state, *Center Chemical Co. v. Parzini*, 1975, 234 Ga. 868, 218 S.E.2d 580, 582; *Ellis v. Rich's, Inc.*, 1975, 233 Ga. 573, 212 S.E.2d 373; the Supreme Court of Georgia has barred recovery where the plaintiff knew of the defect and proceeded unreasonably to use the product. In *Center Chemical Co. v. Parzini*, 218 S.E.2d at 583, the Georgia court stated as follows:

"Under Code Ann. § 105–106 the question is whether the product was defective in its manufacture, its packaging, or the failure to adequately warn of its dangerous propensities. If so, the question arises here as to whether the user knew of the defect and the danger it presented but proceeded unreasonably to use the product."

The J-hook, with or without a red tip, creates a patent peril to any person whose eye is forced upon it. The same can be said of pencils and hatpins. The J-hook having presented an obvious danger, even assuming it to be a defect, Stokes has no legitimate basis for recovery against the manufacturer under Georgia law.

We find, then, that the trial court properly directed the verdict in favor of defendants. Under the applicable law, reasonable men could not have arrived at a contrary verdict.

Affirmed.